IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Romeo Iusco and Monica Iusco | ) | Case No. 09-41945 |
| | ) | |
| Debtors and Debtors in Possession. | ) | The Honorable Judge Jacqueline Cox |
| | ) | |

DEBTOR'S REPLY TO THEIR MOTION TO COMPEL THE
RECEIVER TO TURNOVER PROPERTY OF DEBTORS

NOW COME the Debtors and Debtors in Possession Romeo Iusco and Monica Iusco (the "Debtors"), and for their Reply to the Debtor's Motion to Compel the Receiver to Turnover Property of the Estate pursuant to 11 U.S.C. § 543(a), (b), and (c), respectfully states as follows:

1. On November 6, 2009, Debtors and Debtors in Possession filed their petition for protection under Title 11 of the United States Code. (See, Docket number 1) Once the petition was filed, the Debtors' attorneys notified counsel for U.S. Bank, NA (hereinafter, "The Bank") and Mike Zucker from Peak Properties, LLC (hereinafter, "Receiver") that the Debtors are attempt to reorganize under Chapter 11 of the Bankruptcy Code.

2. At the time of filing, the Debtors were not in possession of their assets. The properties owned by the Debtors were (and are currently) in the hands of a court appointed receiver. For purposes of the Bankruptcy Code, the court appointed receiver is defined as a custodian under 11 U.S.C. § 101(11)(c).

3. Pursuant to 11 U.S.C. § 543(a), "a custodian with knowledge of the commencement of a case under this title, may not make any disbursement from, or take any action in the

administration of, property of the debtor, proceeds or profits of such property, or property of the estate, in the possession of such custodian." Further, "a custodian shall deliver to the trustee [or Debtor] any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case and file an accounting of any property of the debtor, or proceeds…rents, or profits of such property, that, at any time, came into the possession, custody, or control of such custodian." *Id.,* at (b)(1),(2).

4. Even after the Debtors filed their bankruptcy petition and notified counsel for the Receiver of the filing, the Receiver has refused to transfer property of the estate back to the Debtors. Further, on information and belief, the Receiver collected the December 2009 rents and made disbursements to utility companies, salaries to janitorial staff and premiums to insurance companies without seeking an order pursuant to 11 U.S.C. §543(d).

5. Clearly, the Receiver is in violation of §§ 362 and 543(a) of the bankruptcy code. Therefore, the Receiver should be ordered to comply with § 543(a) of the bankruptcy code and deliver the property of the estate to the Debtors, with an accounting, so that they may proceed with their Chapter 11 reorganization and manage the assets of the estate.

6. 11 U.S.C. § 543 states, "A custodian *shall* – deliver to the Trustee any property of the debtor…" (emphasis added). The statute is clear, the legislature created an affirmative obligation for a receiver to return property of an estate upon the filing of the bankruptcy petition. In fact, "custodians of property are commanded to deliver over such property to the trustee, or in the case of a chapter 11 proceeding the Debtor in Possession." *Beatrice Nat'l Bank & Trust Co. v. Mid-America Dairymen, Inc.*, 372 N.W.2d 99, 101, 220 Neb. 757 (1985).

7.    In a gross misstatement of the law, The Bank argues that the burden is on the Debtor to show why property of the estate should revert back to the debtor after the filing of a bankruptcy. For example, the 24th paragraph of the Response brief states, "the Motion to Compel is hardly compelling and fails to sett [sic] forth a single significant reason as to why the Properties should be returned to the Debtors who have not made a single loan payment on the Properties for almost one year." However, a debtor does not need to make any such showing.

8.    As Judge Squires recently held, "[t]o prove a claim for turnover under § 543(b)(1) the Trustee must prove that a custodian has possession, custody or control of the property. Second, the Trustee must show that the property of which she seeks turnover is property of the Debtor." *Krol v. Crosby (In re Mason)*, 386 B.R. 715, 722-723, 2008 Bankr. LEXIS 1294 (Bankr. N.D. Ill. 2008)

9.    The facts are uncontroverted: (1) Mike Zucker from Peak Properties, LLC, is a receiver in possession of the Debtors' property pursuant to a state court order; and (2) the Debtors have a legal and equitable claim to the property. The Bank and Receiver never sought an order excusing compliance with applicable bankruptcy law and they are continuing to operate as though the Debtors never filed for bankruptcy protection. In fact, even in their Response, the Bank and Receiver never state forth any facts or circumstances that establish the Debtors mismanaged the properties, only that the Debtors failed to pay their mortgage. (see Response Brief para. 25).

10.    Accordingly, the Bank and Receiver are in violation of § 543 of the Bankruptcy Code and should be ordered to comply with Section 543(a),(b) and (c) and turnover the property currently held by Mike Zucker and Peak Properties, LLC, to benefit both secured and unsecured creditors.

WHEREFORE, the Debtors and Debtors in Possession pray that this Court now compel the Receiver of the Debtors' Properties, the receiver appointed over the Debtors and Debtors in Possession's properties, to immediately turn over to the Debtors full possession and control of the Debtors' properties commonly known as: (1) 3001 North Spaulding Ave, Chicago, IL 60618; (2) 4316 West Shakespeare Ave, Chicago, IL 60639; and (3) 3310 West Wabansia, Chicago, IL 60647, including, but not by way of limitation: all keys to Debtors' buildings; all books and records of the Debtors' business; all mortgage documents; all rents and other money that may have been collected; all bank accounts and bank statements and other records of receipts and payments; any other records in the Receiver's possession or under his control that impact upon the Debtors' ability to manage their business and to control and ultimately refinance their properties; and any interim reports prepared.  Debtors pray for such other and further relief as may be just.

        Respectfully submitted,
        ROMEO IUSCO and MONICA IUSCO

    By:    ___/s/ Forrest L. Ingram_____
            One of their attorneys

Forrest L. Ingram, #3129032
Michael V. Ohlman #6294512
FORREST L. INGRAM, P.C.
79 W. Monroe St., Suite 900
Chicago, IL  60603
(312) 759-2838