**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | No. 09 B 41945 |
| ROMEO IUSCO and MONICA IUSCO | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | Hon. Judge Jacqueline Cox |
| | ) | |
| | ) | |

<u>NOTICE OF MOTION</u>

TO:    SERVICE LIST ATTACHED

PLEASE TAKE NOTICE that on Tuesday, January 20, 2010 at 9:30 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Jacqueline P. Cox, Bankruptcy Judge, or any judge sitting in her stead, in the courtroom usually occupied by her at 219 South Dearborn, Chicago, Illinois, and shall then and there present the attached Motion For Relief From Automatic Stay, a true and correct copy of which is hereby served upon you.

> U.S. BANK NATIONAL ASSOCIATION, a national banking association, as successor in interest to the Federal Deposit Insurance Corporation, Receiver for Park National Bank
>
> By:      /s/Francisco E. Connell
>                One of Its Attorneys

Edmond M. Burke (#6276406)
Francisco E. Connell (#6289256)
CHUHAK & TECSON, P.C.
30 South Wacker Drive, 26TH Floor
Chicago, Illinois  60606-7413
(312) 444-9300

**AFFIDAVIT OF SERVICE**

I, Francisco E. Connell, an attorney, certify that I served the foregoing by mailing a copy of it to those persons identified below by depositing the same in the United States Mail at 30 S. Wacker, Chicago, Illinois on January 15, 2010 with proper postage prepaid and by electronic filing, to the persons identified below through the Court's ECF Filing System.

> By:      /s/Francisco E. Connell
>                One of Its Attorneys

CHUHAK & TECSON, P.C.
30 South Wacker Drive, 26TH Floor
Chicago, Illinois  60606-7413

950830\1\19693\37778

## SERVICE LIST

### VIA U.S. MAIL

Romeo Iusco
8651 Harms Road
Skokie, IL 60077

Michael V. Ohlman
Forrest L. Ingram, P.C.
79 W. Monroe Street
Suite 900
Chicago, IL 60603

### VIA CM.ECF

Forrest L. Ingram
Forrest L. Ingram, P.C.
79 W. Monroe Street
Chicago, IL 60603
312 759-2838
Fax 312 759-0298
Email : fingram@fingramlaw.com

Peter L. Berk
Law Office of Peter L. Berk
79 W. Monroe
Suite 900
Chicago, IL
312 759-2838
Fax 312 759-0298
Email: plberk@berklegal.com

William T. Neary, U.S. Trustee
Office of the U.S. Trustee, Region 11
219 S. Dearborn St., Room 873
Chicago, IL 60604

Ernest D. Simon
Attorney for Creditor
105 W. Adams, Suite 1400
Chicago, IL 60603
312 205-1010
esimon@erniesimon.com

950830\1\19693\37778

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | No. 09 B 41945 |
| ROMEO IUSCO and MONICA IUSCO | ) | |
| | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | Hon. Judge Jacqueline Cox |
| | ) | |

**US BANK NATIONAL ASSOCIATION'S MOTION FOR
RELIEF FROM THE AUTOMATIC STAY**

U.S. BANK NATIONAL ASSOCIATION, a national banking association, as successor

in interest to the Federal Deposit Insurance Corporation, Receiver for Park National Bank  ("US

Bank"), a secured creditor in the captioned Chapter 11 case, by its attorneys, CHUHAK &

TECSON, P.C., and pursuant to Section 362(d) of the United States Bankruptcy Code (11 U.S.C.

§101 *et seq.*) (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 4001(a)(1),

moves this Court for the entry of an order granting it relief from the Automatic Stay in order to

pursue foreclosure of its liens on certain real and personal property owned by the Debtors, states

as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (G) and (O).  Venue is

proper in this Court pursuant to 28 U.S.C. § 1409.

**PARTIES AND BACKGROUND**

2.      On November 5, 2009, Romeo and Monica Iusco (the "Debtors") filed for relief

under Chapter 11 of the United States Bankruptcy Code.

3.      US Bank is a secured creditor of the Debtors by virtue of four commercial

950830\1\19693\37778

mortgage loans, a residential mortgage loan and a vehicle loan (collectively the "Loans") by and between US Bank and the Debtors. The Loans are identified below.

> **I.**     **3001 N. Spaulding Ave., Chicago, IL 60618**

4.       On December 2, 2004, US Bank made a commercial loan in the principal amount of $1,576,734.37 evidenced by a corresponding promissory note (the "Senior Spaulding Note") executed in favor of US Bank by debtor Romeo Iusco and secured by a first mortgage (the "Senior Spaulding Mortgage") from debtor Romeo Iusco recorded against real property commonly known as 3001 N. Spaulding Ave., Chicago, IL 60618 (the "Spaulding Property"). The mortgage was recorded with the Cook County Recorder of Deeds on July 8, 2005 as Document No. 0518935471. Copies of the Senior Spaulding Mortgage and the Senior Spaulding Note are attached hereto as Exhibits 1 and 2.

5.       On December 12, 2006, US Bank made a commercial loan in the principal amount of $325,000 evidenced by a corresponding promissory note (the "Junior Spaulding Note") executed in favor of US Bank by debtor Romeo Iusco and secured by a junior mortgage (the "Junior Spaulding Mortgage") from Debtors recorded against the Spaulding Property. The mortgage was recorded with the Cook County Recorder of Deeds on January 9, 2007 as Document No. 0700926293. Copies of the Junior Spaulding Mortgage and the Junior Spaulding Note are attached hereto as Exhibits 3 and 4.

6.       On or about January 16, 2009, the Senior Spaulding Note went into default as a result of non-payment. Likewise, on or about March 1, 2009, the Junior Spaulding Note went into default based on non-payment following its maturity. On March 30, 2009, US Bank initiated a foreclosure suit against the Spaulding Property in the Cook County Circuit Court, styled Cosmopolitan Bank and Trust n/k/a Park National Bank v. Romeo Iusco, et al., Case No.

09 CH 14018 (the "Spaulding Foreclosure Action").

7.      On July 21, 2009, the Court in the Spaulding Foreclosure Action appointed Mike Zucker of Peak Properties, LLC as receiver (the "Receiver") for the Property.  A copy of the Order Appointing Mr. Zucker as receiver is attached hereto as Exhibit 5.

8.      On October 7, 2009, the Court in the Spaulding Foreclosure action entered a Judgment of Foreclosure and Sale.  A copy of the Judgment of Foreclosure and Sale is attached hereto as Exhibit 6.  The Spaulding Property was then scheduled for a judicial sale on November 11, 2009. A copy of the Spaulding Notice of Sale is attached hereto as Exhibit 7.

**II.      4716 W. Shakespeare Ave., Chicago, IL 60639**

9.      On October 13, 2000, US Bank made a commercial loan in the principal amount of $380,000 evidenced by a corresponding promissory note (the "Shakespeare Note") executed in favor of US Bank by debtor Romeo Iusco and secured by a commercial first mortgage (the "Shakespeare Mortgage") from debtor Romeo Iusco recorded against real property commonly known as 4716 W. Shakespeare Ave., Chicago, IL 60639 (the "Shakespeare Property").  The mortgage was recorded with the Cook County Recorder of Deeds on October 20, 2000 as Document No. 00822510.  Copies of the Shakespeare Mortgage and the Shakespeare Note are attached hereto as Exhibits 8 and 9.

10.     On or about January 16, 2009, the Shakespeare Note went into default as a result of non-payment.   On March 30, 2009, US Bank initiated a foreclosure suit against the Shakespeare Property in the Cook County Circuit Court, styled Cosmopolitan Bank and Trust n/k/a Park National Bank v. Petru Iusco, et al., Case No. 09 CH 14011 (the "Shakespeare Foreclosure Action").

11.     On July 21, 2009, the Court in the Shakespeare Foreclosure Action appointed

Mike Zucker of Peak Properties, LLC as receiver (the "Receiver") for the Property.  A copy of

the Order Appointing Mr. Zucker as receiver is attached hereto as Exhibit 10.

12.     On September 30, 2009, the Court in the Shakespeare Foreclosure action entered

a Judgment of Foreclosure and Sale.  A copy of the Judgment of Foreclosure and Sale is attached

hereto as Exhibit 11.  The Shakespeare Property was then scheduled for a judicial sale on

November 5, 2009. A copy of the Shakespeare Notice of Sale is attached hereto as Exhibit 12.

### III.     3310 W. Wabansia, Chicago, IL 60647

13.     On September 29, 2000, US Bank made a commercial loan in the principal

amount of $248,000 evidenced by a corresponding promissory note (the "Wabansia Note")

executed in favor of US Bank by debtor Romeo Iusco and secured by a commercial first

mortgage (the "Wabansia Mortgage") from debtor Romeo Iusco recorded against real property

commonly known as 3310 W. Wabansia, Chicago, IL 60647 (the "Wabansia Property").  The

mortgage was recorded with the Cook County Recorder of Deeds on October 2, 2000 as

Document No. 00769543.  Copies of the Wabansia Mortgage and the Wabansia Note are

attached hereto as Exhibits 13 and 14.

14.     On or about January 16, 2009, the Wabansia Note went into default as a result of

non-payment.  On March 30, 2009, US Bank initiated a foreclosure suit against the Wabansia

Property in the Cook County Circuit Court, styled Cosmopolitan Bank and Trust n/k/a Park

National Bank v. Romeo Iusco, et al., Case No. 09 CH 14023 (the "Wabansia Foreclosure

Action").

15.     On July 21, 2009, the Court in the Wabansia Foreclosure Action appointed Mike

Zucker of Peak Properties, LLC as receiver (the "Receiver") for the Property.  A copy of the

Order Appointing Mr. Zucker as receiver is attached hereto as Exhibit 15.

950830\1\19693\37778

16.     On September 30, 2009, the Court in the Wabansia Foreclosure action entered a Judgment of Foreclosure and Sale.  A copy of the Judgment of Foreclosure and Sale is attached hereto as Exhibit 16.  The Wabansia Property was then scheduled for a judicial sale on November 5, 2009. A copy of the Wabansia Notice of Sale is attached hereto as Exhibit 17.

### IV.     8651 W. Harms Rd., Skokie, IL 60077

17.     On May 25, 2006, US Bank made a loan in the principal amount of $350,000 evidenced by a corresponding promissory note (the "Harms Rd. Note") executed in favor of US Bank by Debtors and secured by a residential first mortgage (the "Harms Rd. Mortgage") from Debtors recorded against real property commonly known as 8651 Harms Rd., Skokie, IL 60077 (the "Harms Rd. Property").  The mortgage was recorded with the Cook County Recorder of Deeds on June 19, 2006 as Document No. 0617041080.  Copies of the Harms Rd. Mortgage and the Harms Rd. Note are attached hereto as Exhibits 18 and 19.

18.     On or about July 1, 2009, the Harms Rd. Note went into default as a result of non-payment.  Before US Bank could begin foreclosure litigation against the Harms Rd. Property, the Debtors filed their action for Chapter 11 bankruptcy and so there is no foreclosure action pending at this time.

### V.     2007 Cadillac Escalade

19.     On April 21, 2006, US Bank made a loan in the principal amount of $46,277 evidenced by a corresponding promissory note (the "Escalade Note") executed in favor of US Bank by Debtor and secured by a 2007 Cadillac Escalade, VIN 1GYFK63897R160631 (the "Escalade") as evidenced by a State of Illinois Certificate of Title of Vehicle identifying US Bank as first lienholder on the vehicle. Copies of the Escalade Note and Certificate of Title are attached hereto as Exhibits 20 and 21.

950830\1\19693\37778

20.     Thereafter, the Escalade Note went into default as a result of non-payment. Before US Bank could begin replevin litigation against the Escalade, the Debtors filed their action for Chapter 11 bankruptcy and so there is no action currently pending at this time.

**IV.     The Chapter 11 Filing**

21.     On November 5, 2009, the day the Shakespeare and Wabansia properties were set for judicial sale, the Debtors filed their petition under Chapter 11 of the Bankruptcy Code. Thereafter, on November 24, 2009, the Debtors filed their Motion to Compel petitioning this Court for the turnover of any and all rent payments being held by the Receiver in connection with the Spaulding, Shakespeare and Wabansia properties (collectively the "Properties"). The Motion to Compel was heard by the Court on January 4, 2009, which denied the Motion and, instead, granted US Bank's Motion to Exclude Turnover to the Debtors.

## ARGUMENT

22.     Pursuant to § 362(d) a party in interest may receive relief from the automatic stay:

(1)     for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2)     with respect to a stay of an act against property under subsection (a) of this section, if (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization.

23.     Cause. Debtor has failed to make payments on any of the aforesaid six Loans as required under the terms of the corresponding loan documents referenced above and continues to be in default since the dates referenced above through the present.  Further, Debtor has, among other things, failed to maintain insurance on the Spaulding, Shakespeare and Wabansia Properties as required by the corresponding mortgages and has failed to pay the real estate taxes associated with these Properties. Upon information and belief, insurance has also lapsed and real estate taxes are also due on the Harms Rd. Property.  Debtors' failure and inability to perform

950830\1\19693\37778

their obligations under the Loans have left US Bank's secured interest inadequately protected.

24.     <u>No Equity in the Properties</u>.  Attached hereto as <u>Exhibits</u> 22-25 are US Bank's

most recent appraisals from April, 2009 of Spaulding, Shakespeare, Wabansia and Harms Rd.

Properties.    Attached as <u>Exhibit</u> 26 is Debtors' Schedule A filed in this matter.   An equity

analysis is set forth below.

A.     3001 N. Spaulding:          Judgment Amount $1,797,024.27,  <u>See Exhibit</u> 6.
                                   Appraised Amount $1,925,000, <u>See Exhibit</u> 22.
                                   Value Identified in Schedule A $1,900,000, <u>See Exhibit</u> 26
                                   (with secured claims totaling $6,399,454.88).

B.     4346 W. Shakespeare:        Judgment Amount $424,291.01,  <u>See Exhibit</u> 11.
                                   Appraised Amount $419,615, <u>See Exhibit</u> 23.
                                   Value Identified in Schedule A $380,000, <u>See Exhibit</u> 26.

C.     3310 W. Wabansia:           Judgment Amount $265,475.94,  <u>See Exhibit</u> 16.
                                   Appraised Amount $285,000, <u>See Exhibit</u> 24.
                                   Value Identified in Schedule A $240,000, <u>See Exhibit</u> 26

D.     8651 Harms Rd.:             Judgment Amount N/A
                                   Appraised Amount $785,000, <u>See Exhibit</u> 25.
                                   Value Identified in Schedule A $650,000, <u>See Exhibit</u> 26
                                   (with secured claims totaling $1,180,959.78).

25.     Given that US Bank's appraisals of the Properties are from April, 2009 and

considering the continued depressed real estate market, it is likely that the Properties' values are

even less than the appraised amounts. Debtors concede this point as evidenced by their own

valuations of the Properties as set forth in Schedule A. Moreover interest has continued to accrue

at the statutory rate of nine percent since entry of the September 30, 2009 Judgments of

Foreclosure on the Spaulding, Shakespeare and Wabansia Properties. Accordingly, there is no

equity in the Properties that would allow the Debtors the opportunity to successfully reorganize

under Chapter 11 of the Bankruptcy Code.  The Properties' values continue to erode given the

Debtors' lack of insurance, non-payment of real estate taxes and the other expenditures required

950830\1\19693\37778

to date by Receiver Mike Zucker of which this Court is already aware and as set forth in US Bank's previously filed Amended Response and Motion to Authorize Exclusion of Receiver from Turnover.

26.   <u>The Property is Not Necessary for an Effective Reorganization</u>.  To the extent that there is no equity in the Properties, the Properties do not generate enough in monthly rental income to pay the Loans and the Court has refused to strip the Receiver of the Properties and return them to the Debtors, the Properties and the Escalade are not necessary for an effective reorganization. The Spaulding Property has already required a significant capital investment just to remediate the building's electrical system and further expenditures are anticipated with respect to the Spaulding, Shakespeare and Wabansia Properties. Moreover, the values of the Properties continue to decline and the Debtors have demonstrated an inability to maintain their obligations with respect to the Loans and the Properties  and as such, the Properties would be a significant hindrance to any effective plan of reorganization.

27.   By reason of the premises and pursuant to § 362(d) of the Bankruptcy Code, US Bank is entitled to relief from the automatic stay to foreclose or otherwise take possession of the Properties as described and identified herein.

WHEREFORE, U.S. BANK NATIONAL ASSOCIATION, a national banking association, as successor in interest to the Federal Deposit Insurance Corporation, Receiver for Park National Bank prays for the following relief: (i) an order granting this motion; (ii) an order modifying the automatic stay to allow the continued foreclosure on the subject Properties; (iii) an order waiving the requirements of Fed. R. Bankr. P. 4001(a)(3) and holding such order effective immediately upon its entry; and (iv) for such other and further relief as this Honorable Court deems just and appropriate.

950830\1\19693\37778

U.S. BANK NATIONAL ASSOCIATION,
a national banking association, as successor
in interest to the Federal Deposit Insurance
Corporation, Receiver for Park National
Bank

By:      /s/Francisco E. Connell
                One of Its Attorneys

Edmond M. Burke (#6276406)
Francisco E. Connell (#6289256)
CHUHAK & TECSON, P.C.
30 South Wacker Drive, 26^(TH) Floor
Chicago, Illinois  60606-7413
(312) 444-9300

950830\1\19693\37778