CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ALEX JOHNSON, individually and as        )
Shareholder of MARQUEE BUILDERS,         )
INC, et al.,                             )
                                         )
                    Plaintiffs,          )
                                         )
        vs.                              )        CASE NO. 08 L 006125
                                         )
ROMEO IUSCO, et al.,                     )
                                         )
                    Defendants.          )
                                         )

## NOTICE OF FILING

TO:   Jason B. Hirsh, Esq. and Christopher S. Naveja, Esq., Arnstein & Lehr, LLP, 120 South
      Riverside Plaza, Suite 1200, Chicago, Illinois 60606-3910

       PLEASE TAKE NOTICE that, on the ___15th___ day of November, 2008, there was filed

with the Clerk of the Circuit Court of Cook County, Illinois **AMENDED COMPLAINT**, a copy

of which is attached.

                              Alex Johnson, Individually and as a shareholder
                              of MARQUEE BUILDERS, INC., et al

                       By: _____
                              One of Plaintiff's Attorneys

Howard L. Teplinsky
Michele J. Braun
Ottenheimer Teplinsky Rosenbloom, LLC
750 Lake Cook Road, Suite 140
Buffalo Grove, Illinois 60089
(847) 520-9400
Attorney No. 41161

David Gearheart
Advantage LawGroup Ltd.
1933 N. Meadow Rd. #110
Schaumburg, Illinois 60173
847 – 303-5275 Phone
847-303-5276  Fax
Attorney No. 39893

## CERTIFICATE AND AFFIDAVIT OF DELIVERY

I, an attorney, state that a true copy of the attached pleading was [X] personally delivered or [ ] by facsimile transmission or [ X ] placed in the United States Mail properly addressed, with proper first class postage prepaid, to the parties at the addresses set forth above before 5:00 p.m. in the United States mail box located at 750 Lake Cook Road, Suite 140, Buffalo Grove, Illinois, 60089, this 15ᵗʰ day of November, 2008.

_____
Michele J. Braun

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| ALEX JOHNSON, Individually and as a shareholder of MARQUEE BUILDERS, INC. ALEX JOHNSON, as Assignee of ANAND SHAH, KANTI RAVANI; PHILLIP DESAI and YASHWANT PATEL MUKESH SHARMA, Individually ANN MATTHEW, Individually MITESH PATEL, Individually, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 08 L 006125 |
| ROMEO IUSCO MONICA IUSCO 3643 ASHLAND, LLC 3536 NORTH LINCOLN, L.L.C. 5121 NORTH KENMORE, L.L.C. 7247 NORTH CLAREMONT, L.L.C., UNKNOWN OWNERS and NON RECORD CLAIMANTS. | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## AMENDED COMPLAINT

NOW COMES the Plaintiffs, ALEX JOHNSON ("AJOHNSON"), Individually, as a

shareholder of MARQUEE BUILDERS, INC. ("MARQUEE"), ALEX JOHNSON, as Assignee

of ANAND SHAH ("ASHAH"), KANTI RAVANI ("KRAVANI"), PHILLIP DESAI

("PDESAI"), and YASHWANT PATEL ("YPATEL"), MUKESH SHARMA, Individually

("MSHARMA"), ANN MATTHEW, Individually ("AMATTHEW"), and MITESH PATEL,

Individually ("MAPTEL"), (collectively, "PLAINTIFFS") by and through their attorneys,

Advantage Law Group, Ltd. and Ottenheimer, Teplinsky, Rosenbloom LLC, and for their

Amended Complaint against ROMEO IUSCO ("RIUSCO"), MONICA IUSCO ("MIUSCO"

and, together with RIUSCO, the "IUSCOS"), 3643 ASHLAND, LLC ("3643 LLC"), 3536

NORTH LINCOLN, L.L.C. ("3536 LLC"), 5121 NORTH KENMORE, L.L.C. ("5121 LLC"),

and 7247 NORTH CLAREMONT, L.L.C. ("7247 LLC") ,(collectively,  "DEFENDANTS"),

state the following:

## PARTIES

1.    The Individual PLAINTIFFS are individuals residing in the State of Illinois,

and/or transacting business in the State of Illinois.

2.    MARQUEE was incorporated in the State of Illinois on May 16, 2005 but was

involuntarily dissolved by the Secretary of Sate on October 2, 2006 for failure to file an annual

report and pay annual franchise taxes. MARQUEE has no management or capital funds.

AJOHNSON and MPATEL each held a one-third shareholder interest in MARQUEE at the time

of the transactions described herein. Because MARQUEE has no assets, AJOHNSON brings

suit, both individually and derivatively as a shareholder of MARQUEE.

3.    The IUSCOS (a) are individuals residing in the State of Illinois, (b) transact

business in the State of Illinois, (c) own real estate at 8651 Harms Road, Skokie, Illinois, 60077

and (c) reside at 8651 Harms Road, Skokie, Illinois, 60077.

4.    3643 LLC is (a) a limited liability company organized under the State of Illinois,

(b) transacts business in the State of Illinois, (c) owns real estate at 3643 North Ashland,

Chicago, IL 60613 (d) maintains an office at 8651 Harms Road, Skokie, IL 60077, and (e) may

be served with process by serving its registered agent, MIUSCO, at 8651 Harms Road, Skokie,

IL 60077.

5.    3536 LLC is (a) a limited liability company organized under the State of Illinois,

(b) transacts business in the State of Illinois, (c) owns real estate at 3536 North Lincoln Avenue,

Chicago, Illinois, 60613 (d) maintains an office at 8651 Harms Road, Skokie, Illinois, 60077,

and (e) may be served with process by serving its registered agent, MIUSCO, at 8651 Harms Road, Skokie, Illinois, 60077.

6.      5121 LLC is (a) a limited liability company organized under the State of Illinois, (b) transacts business in the State of Illinois, (c) owns real estate at 5121 North Kenmore Avenue, Chicago, Illinois, 60613, (d) maintains an office at 8651 Harms Road, Skokie, Illinois, 60077, and (e) may be served with process by serving its registered agent, MIUSCO, at 8651 Harms Road, Skokie, Illinois, 60077.

7.      7247 LLC is (a) a limited liability company organized under the State of Illinois, (b) transacts business in the State of Illinois, (c) owns real estate at 7247 North Claremont, Chicago, Illinois, 60613, (d) maintains an office at 8651 Harms Road, Skokie, Illinois, 60077, and (e) may be served with process by serving its registered agent, MIUSCO, at 8651 Harms Road, Skokie, Illinois, 60077.

## JURISDICTION AND VENUE

8.      The Court has personal jurisdiction over each of the DEFENDANTS pursuant to 735 ILCS 5/2-209 (a)(1) and (3) because each DEFENDANT transacts business within this State and owns real estate situated in this State.   The Court also has personal jurisdiction over RIUSCO pursuant to 735 ILCS 5/2-209 (a)(7) because RIUSCO entered and performed under a contract or promise substantially connected with this State.   The Court also has jurisdiction over the LLCS pursuant to 735 ILCS 5/2209 (b)(3) because the LLCS are organized under the laws of this State.

9.      Venue for this action properly lies before this Court pursuant to 735 ILCS 5/2-101(1), because each of the DEFENDANTS resides or maintains a principal office in Cook County at the time of the events giving rise to this claim.   Venue for this action also properly lies

before this Court pursuant to 735 ILCS 5/2-101(2), because the events giving rise to this claim

occurred in this County and DEFENDANTS are subject to personal jurisdiction in this County.

## FACTUAL ALLEGATIONS RELATING TO ALL CLAIMS (FACTS")

10.     In or about December 2004, RIUSCO approached AJOHNSON and MPATEL

about whether they would be interested in putting together a group of investors for the purpose of

purchasing one or more apartment buildings, subdividing them into condominium units and then

selling off the condominium units for a profit (the "VENTURE").

11.     AJOHNSON and MPATEL orally agreed to do so in exchange for RIUSCO

agreeing to purchase the buildings in the name of their joint VENTURE, splitting the profits

from the VENTURE evenly between them and reimbursing the investors the amount of their

principal, with interest.

12.     RIUSCO, AJOHNSON and MPATEL agreed to name the VENTURE Marquee

Builders, Inc ("MARQUEE") and on May 16, 2005, MARQUEE was incorporated in the State

of Illinois for the purpose of purchasing the buildings. RIUSOC was named CEO, AJOHNSON

was named CFO and MPATEL was named Treasurer.  Despite their respective titles, RIUSCO

induced MPATEL and AJOHNSON to place their trust and confidence in him and to allow him

to assume exclusive control over the financial affairs of MARQUEE.

13.     In accordance with their oral agreement, AJOHNSON and MPATEL put together

a group of investors with whom RIUSCO, AJOHNSON and MPATEL met to discuss the

MARQUEE VENTURE.

14.     At these meetings, RIUSCO represented to the investors that he would reimburse

the principal amount or their loans, with interest and name each of them a member in the LLC's

to which the properties would be deeded, respectively.

15.    Bases upon RIUSCO's representations, the following investors loaned the following funds ("Loan Proceeds") to MARQUEE on the following dates for the purpose of MARQUEE purchasing the buildings in MARQUEE'S name, subdividing them into condominium units and then selling off the condominium units for a profit:

| | | |
|---|---|---|
| YASHWANT PATEL | 6/8/05 | $ 75,000.00 |
| JAYENDRA PATEL | 8/01/05 | $ 30,000.00 |
| PHILLIP DESAI | 7/27/05 | $ 50,000.00 |
| MUKESH SHARMA | 7/22/05 | $100,000.00 |
| ANAND SHAH | 6/09/05 | $ 25,000.00 |
| KANTI RAVANI | 6/09/05 | $ 20,000.00 |
| ANN MATTHEW | 8/02/05 | $ 50,000.00 |
| TOTAL | | $350,000.00 |

16.    On or about June 7, 2005, YPATEL entered into a written Promissory Note with MARQUEE, under which YPATEL agreed to loan MARQUEE Seventy-Five Thousand Dollars ($75,000.00) and in return, MARQUEE agreed to repay said amount with interest in the amount of Thirty-Seven Thousand, Five Hundred Dollars ($37,500.00) for a total payment of One Hundred and Twelve Thousand, Five Hundred Dollars ($112,500.00) payable in a single payment to YPATEL on or before November 15, 2006. MARQUEE further agreed to use said funds to purchase property for the construction of condominiums, to deed the property to a limited liability company (to be formed), and to name YPATEL a member in said LLC (grant YPATEL an equity interest in the limited liability company). (See a copy of Said Promissory Note, attached hereto and marked as Exhibit "A".)

17.    On or about July 26, 2005, PDESAI entered into a written Promissory Note with MARQUEE, under which PDESAI agreed to loan MARQUEE Fifty Thousand Dollars ($50,000.00) and in return, MARQUEE agreed to repay said amount with interest in the amount of Twenty-Fifty Thousand Dollars ($25,000.00) for a total payment of Seventy-Five Thousand

Dollars ($75,000.00) payable in a single payment to PDESAI on or before November 15, 2006. MARQUEE further agreed to use said funds to purchase property for the construction of condominiums, to deed the property to a limited liability company (to be formed) and to name PDESAI member in said LLC (grant PDESAI an equity interest in the limited liability company.)  (See a copy of Said Promissory Note, attached hereto and marked as Exhibit "B".)

18.    On or about November 18, 2005, MSHARMA entered into a written Promissory Note with MARQUEE, under which MSHARMA confirmed his July 22, 2005 loan to MARQUEE in the amount of One Hundred Thousand Dollars ($100,000.00) and in return, MARQUEE agreed to repay said amount with interest in the amount of Fifty Thousand Dollars ($50,000.00) for a total payment of One Hundred and Fifty Thousand Dollars ($150,000.00) payable in a single payment to MSHARMA on or before August 1, 2006.  MARQUEE further agreed to use said funds to purchase property for the construction of condominiums, to deed the property to a limited liability company (to be formed), and to name MSHARMA a member in said LLC (grant MSHARMA an equity interest in the limited liability company.) The Promissory Note was personally guaranteed by RIUSCO and MSHARMA held a Mortgage against the condominium project to secure the debt.  (See the Promissory Note, attached hereto and marked as Exhibit "C".)

19.    On or about August 17, 2005, KRAVANI entered into a written Promissory Note with MARQUEE, under which KRAVANI confirmed his June 9, 2005 loan to MARQUEE in the amount of Twenty Thousand Dollars ($20,000.00) and in return, MARQUEE agreed to repay said amount with interest in the amount of Ten Thousand Dollars ($10,000.00) for a total payment of Thirty Thousand Dollars ($30,000.00) payable in a single payment to KRAVANI on or before November 15, 2006.  MARQUEE further agreed to use said funds to purchase property

for the construction of condominiums, to deed the property to a limited liability company (to be formed), and to name KRAVANI a member in said LLC. (grant YPATEL an equity interest in the limited liability company). (See a copy of Said Promissory Note, attached hereto and marked as Exhibit "D".)

20.    On or about June 9, 2005, ASHAH entered into a written Promissory Note with MARQUEE, under which ASHAH agreed to loan MARQUEE Twenty-Five Thousand Dollars ($25,000.00) and in return, agreed to repay said amount with interest in the amount of Twelve Thousand, Five Hundred Dollars ($12,500.00) for a total payment of Thirty-Seven Thousand, Five Hundred Dollars ($37,500.00) payable in a single payment to ASHA on or before November 15, 2006.  MARQUEE further agreed to use said funds to purchase property for the construction of condominiums, to deed the property to a limited liability company (to be formed), and to name ASHAH a member in said LLC (grant ASHAH an equity interest in the limited liability company.)  (See a copy of Said Promissory Note, attached hereto and marked as Exhibit "E".)

21.    On or about August 1, 2005, AMATHEW entered into a written Promissory Note with MARQUEE, under which AMATHEW agreed to loan MARQUEE Fifty Thousand Dollars ($50,000.00) and in return, agreed to repay said amount with interest in the amount of Twelve Thousand, Five Hundred Dollars ($12,500.00) for a total payment of Sixty-Two Thousand, Five Hundred Dollars ($62,500.00) payable in a single payment to AMATTHEW on or before August 15, 2006.  AMATHEW held a Mortgage against the personal residence of RIUSCO to secure the debt. (See a copy of Said Promissory Note, attached hereto and marked as Exhibit "F".)

22.    RIUSCO initially deposited the above Loan Proceeds into a bank account in the name of MARQUEE.

23.    In August 2005, RIUSCO started removing the Loan Proceeds from the MARQUEE bank account, without AJOHNSON or MPATEL'S knowledge.

24.    RIUSCO never used the loan proceeds to acquire real estate on behalf of the MARQUEE VENTURE.

25.    Instead, on information and belief, RIUSCO used the Loan Proceeds, on or about August 3, 2005, to purchase 3641-3643 North Ashland Avenue, Chicago, Illinois, 60613, in his own name.

26.    On or around October 5, 2005, RIUSCO transferred the Property to himself and his spouse, MIUSCO, as tenants by the entirety, and on or around June 27, 2007, RIUSCO and MISUSCO transferred the Property to 3643 LLC.

27.    RIUSCO ultimately completed a condominium subdivision at the Property and began selling off the individual units in a series of transactions beginning in 2007; all as contemplated by the terms of the VENTURE.

28.    RUISCO never accounted to AJOHNSON or to MPATEL for each of their one-third profit sharing interest in the VENTURE, nor did he distribute to AJOHNSON or to MPATEL any cash representing distributions on such shares. On information and belief, RUISCO retained the profits for his own use, two-thirds of which were properly due and owing to AJOHNSON and MPATEL ("the Retained Profits").

29.    RUISCO also failed to repay the YPATEL, PDESAI, MSHARMA, ASHAH, KRAVANI and AMATTHEW in accordance with the terms of their Loan Agreements.

30.    On information and belief, YPATEL, PDESAI, MSHARMA, ASHAH, KRAVANI and AMATTHEW only received Interest payments on their loans; the amount of their Loan Proceeds remains unpaid.

31.    Furthermore, RUISCO failed to grant any of these PLAINTIFFS their promised equity interests in 3643 LLC

32.    Between September 2005 and October 2005, RIUSCO asked MPATEL to pay a total of Twenty Thousand Dollars ($20,000.00) to three (3) vendors who supplied materials to MARQUEE in exchange for RIUSCO's oral promise to reimburse MPATEL by November 2005. MPATEL orally agreed to do so and made said payments with his personal charge card. (See a copy of MPATEL's credit card statement, attached hereto and marked as Exhibit "G".)

33.    On or about September 12, 2006, RIUSCO asked AJOHNSON to loan him Twenty-Five Thousand Dollars ($25,000.00) in order to complete the renovation of the buildings and in exchange, RIUSCO orally promised that he would reimburse AJOHNSON the money on or before October 12, 2006.

34.    AJOHNSON agreed to provide RIUSCO with a check in the amount of Twenty-Five Thousand Dollars ($25,000.00) and did so on September 12, 2006.  (See a copy of said check, attached hereto and marked as Exhibit "H".)

35.    ALEX JOHNSON and MITESH PATEL have received no payment whatsoever with respect to their Loans.

36.    On information and belief, the IUSCOS, acting in the capacity of managers of 3643 LLC, transferred funds belonging to 3643 LLC to other LLCS and properties owned and controlled by them.  For example, on 2/12/08, they executed a Mortgage in favor of Adelphia Venture Partners, LLC to secure a borrowing by 3643 LLC in the initial amount of Three Hundred Thousand Dollars ($300,000.00).  This Mortgage was cosigned by 5121 LLC, another limited liability company owned and controlled by the IUSCOS.

37.    On information and belief, the IUSCOS used funds from 3643 LLC to obtain a construction loan for the purpose of improving property owned by them at 3536 LLC.

38.    On information and belief, the IUSCOS either purchased or improved the following properties by using the Loan Proceeds and Retained Profits due MPATEL:

| Street Address | P.I.N. |
| --- | --- |
| 5121 N. Kenmore, Chicago, Illinois | 14-08-402-003-0000 |
| 3536 N. Lincoln, Chicago, Illinois | 14-19-404-003-0000 |
| 7247 N. Claremont, Chicago, Illinois | 11-30-319-003-0000 |
| 3643 N. Ashland, Chicago, Illinois | 14-20-119-007-0000 |

39.    RIUSCO never paid MARQUEE'S annual dues, thereby allowing Marquee to be involuntarily dissolved by the Illinois Secretary of State on October 2, 2006.

40.    On or about November 17, 2008, ASHAH, KRAVANI, PDESAI and YPATEL assigned to AJOHNSON all of their rights, title and interest in the Promissory Notes which they entered into with MARQUEE. (See a copy of said Assignments, attached hereto and marked as Group Exhibit "I".)

## COUNT I

## BREACH OF ORAL VENTURE AGREEMENT
### (AJOHNSON and MPATEL v. RIUSCO)

NOW COMES the Plaintiffs, AJOHNSON and MPATEL, by and through their attorneys, Advantage Law Group, Ltd. and Ottenheimer, Teplinsky, Rosenbloom LLC, and for their Breach of Oral Venture Agreement claim against RIUSCO, states the following:

1.    AJOHNSON and MPATEL restate and reallege the allegations set forth in paragraphs 1-15, 22-28 and 36-39 of the FACTS as paragraph 1 of Count I, as though fully set forth herein.

2.    Based upon the foregoing, RIUSCO breached the terms of the oral VENTURE Agreement which he entered into with AJOHNSON and MPATEL, by using the loan proceeds

invested in MARQUEE to purchase real estate in his own name and not on behalf of the MARQUEE VENTURE, by failing to account to and pay AJOHNSON and MPATEL for their share in the profits from the sale of the condominium units and by not distributing to AJOHNSON and MPATEL any cash representing distributions on such share.  On information and belief, RUISCO retained the profits for his own use, two-thirds of which were properly due and owing to AJOHNSON and MPATEL.

3.      AJOHNSON and MPATEL performed all of the obligations required of them under the VENTURE Agreement.

4.      AJOHNSON and MPATEL made demand upon RIUSCO for the monies due them under their VENTURE Agreement but RIUSCO failed and refused to pay said monies to AJOHNSON and MPATEL.

5.      RIUSCO'S refusal to pay said monies to AJOHNSON and MPATEL is unreasonable and vexatious under the circumstances.

6.      RIUSCO'S breach of the VENTURE Agreement has caused AJOHNSON and MPATEL to sustain damages in excess of Three Hundred Fifty Thousand Dollars ($350,000.00).

WHEREFORE, the Plaintiff, MITESH PATEL, prays that this Court enters judgment in his favor and against the Defendant, ROMEO IUSCO, as follows:

A.      Damages in excess on Three Hundred Fifty Thousand Dollars ($350,000.00).

B.      Prejudgment interest pursuant to 815 ILCS 205/2

C.      Such other and further relief that this Court deems just and proper.

## COUNT II

## CONVERSION OF CORPORATE FUNDS
## (MPATEL and AJOHNSON, as SHAREHOLDERS IN MARQUEE v. RIUSCO)

NOW COMES the Plaintiffs, MPATEL and AJOHNSON, as SHAREHOLDERS IN MARQUEE, by and through their attorneys, Advantage Law Group, Ltd. and Ottenheimer Teplinsky Rosenbloom, LLC and for their Conversion claim against RIUSCO, state the following:

1.     MPATEL and AJOHNSON, as SHAREHOLDERS IN MARQUEE restate and reallege paragraphs 1-15, 22-28 and 36-39 of the FACTS as paragraph 1 of Count II, as though fully set forth herein.

2.     Based upon the foregoing, MARQUEE had an absolute, unconditional right to the immediate possession of the Loan Proceeds which AMATTHEW, MSHARMA, YPATEL, PDESAI, ASHAH and KRAVANI invested in MARQUEE.

3.     On several occasions, MPATEL and AJOHNSON, as SHAREHOLDERS IN MARQUEE, made demand upon RIUSCO for the return of the loan proceeds to MARQUEE so that the money could be used to purchase property in the name of MARQUEE.

4.     Notwithstanding said demands, RIUSCO assumed control, dominion and ownership over the Loan Proceeds by withdrawing said monies from MARQUEE's bank account, without the knowledge of MPATEL and AJOHNSON and then using said monies to purchase real estate in his own name, without any authorization to do so.

WHEREFORE, the Plaintiffs, MPATEL and AJOHNSON, as SHAREHOLDERS in MARQUEE, pray that this Honorable Court enters Judgment in their favor and against the Defendant, RIUSCO, in the amount of Three Hundred Fifty Thousand Dollars ($350,000.00),

plus accrued interest, late charges, reasonable attorney fees and costs and for such further relief that this Court deems just and proper.

### COUNT III

### BREACH OF LOAN AGREEMENT
### (MSHARMA v RIUSCO)

NOW COMES the Plaintiff, MSHARMA, by and through his attorneys, Advantage Law Group, Ltd. and Ottenheimer Teplinsky Rosenbloom, LLC, and for his Breach of Loan Agreement claim against RIUSCO, states the following:

1.      MSAHRMA restates and realleges paragraphs 10-15, 18, 22-27, 29-30 and 35 of the FACTS as paragraph 1 of Count III, as though fully set forth herein.

2.      On or about November 18, 2005, RIUSCO executed said Promissory Note on behalf of MARQUEE and personally guaranteed same. (See Exhibit "A".)

3.      The consideration given by MSHARMA for RIUSCO executing and personally guaranteeing said Note was the One Hundred Thousand Dollars ($100,000.00) MSHARMA loaned to MARQUEE on July 22, 2005.

4.      MSHARMA performed all conditions required of him pursuant to the terms of the Promissory Note and RIUSCO's personal Guarantee.

5.      RIUSCO breached the terms of his personal Guarantee by failing to repay MSHARMA One Hundred Thousand Dollars ($100,000.00) with interest in the amount of Fifty Thousand Dollars ($50,000.00) for a total payment of One Hundred and Fifty Thousand Dollars ($150,000.00) payable on or before August 1, 2006.

6.      RIUSCO only paid MSHARMA the interest; Fifty Thousand Dollars ($50,000.00).

7.     RIUSCO also breached the terms of his personal Guarantee by failing to name MSHARMA a member in the LLC to which the property was deeded,  thereby granting MSHARMA an equity interest in the limited liability company.

8.     On several occasions, MSHARMA made demand upon RIUSCO for the payment of the monies due him and to be named a member in the LLC to which the property was deeded but RIUSCO failed and refused to pay all of said monies to MSHARMA or to name MSHARMA a member in the LLC.

9.     As of November 2008, RIUSCO owes MSHARMA the total sum of One Hundred Thousand Dollars ($100,000.00), plus interest and late charges as defined in the Note.  (See Exhibit "A".)

10.     According to the Promissory Note, MSHARMA is entitled to recover his attorney fees and costs in the event that he is required to initiate legal action to collect the monies due him.  (See Exhibit "A".)

11.     According to said Promissory Note, MSHARMA is also entitled to collect his equitable interest in the LLC to which the property purchased with his money was deeded.

WHEREFORE, the Plaintiff, MSHARMA, prays that this Honorable Court enters Judgment in his favor and against the Defendant, RIUSCO, in the amount of One Hundred Thousand Dollars ($100,000.00), plus accrued interest, late charges, attorney fees and costs, and for any further relief that this Court deems just and proper.

## COUNT IV

## SECURITIES FRAUD UNDER 815 ILCS 5/12(F)
## (MSHARMA v. RIUSCO)

12.     MSHARMA restates and realleges the allegations set forth in paragraphs 1 through 11 of Count III as paragraph 12 of Count IV.

13.     Based upon the foregoing, MSHARMA purchased a security interest in MARQUEE when he loaned MARQUEE One Hundred Thousand Dollars ($100,000.00) on July 22, 2005.

14.     At the time that MSHARMA purchased his security interest in MARQUEE, RIUSCO represented to MSHARMA that the money which MSHARMA invested in MARQUEE would be used by MARQUEE to purchase property for the construction of condominiums, that said property would be deeded to an LLC and that MSHARMA would be named a member in said LLC.

15.     Said misrepresentations were intentionally made by RIUSCO for the purpose of inducing MSHARMA into investing in the MARQUEE VENTURE.

16.     At the time that RIUSCO made said misrepresentations, he knew or, in the exercise of reasonable care, should have known that he had no intention of using the monies which MSHARMA invested in the MARQUEE VENTURE to purchase property in the name of the VENTURE, to name MSHARMA as a member in any LLC to which the property was deeded or, to repay MSHARMA the principal amount of the loan with interest.

17.     At the time that RIUSCO made said misrepresentations, he intentionally omitted mentioning to MSHARMA that he intended to use the monies which MSHARMA loaned to MARQUEE to purchase the Ashland Property in his own name and then to transfer said property to himself and MIUSCO.

18.     MSHARMA's reliance on RIUSCO's representations was reasonable in that he was neither given notice nor was otherwise aware of the falsity of said representations and could not have discovered the falsity of same through ordinary prudence.

19.     In reliance on RIUSCO's representations, MSHARMA invested substantial sums of money in the MARQUEE VENTURE.

20.     But for RIUSCO's fraudulent and untrue representations, MSHARMA would never have invested money in the MARQUEE VENTURE.

WHEREFORE, the Plaintiff, MSHARMA, prays that this Honorable Court enters Judgment in his favor and against the Defendant, RIUSCO, in the amount of One Hundred Thousand Dollars ($100,000.00), plus accrued interest, late charges, attorney fees and cost, punitive damages; grants him an equitable interest in the LLC to which the property purchased with his investment was deeded and for such other and further relief that this Court deems just and proper.

## COUNT V

## BREACH OF LOAN AGREEMENT
## (AMATTHEW v. RIUSCO)

NOW COMES the Plaintiff, AMATTHEW, by and through her attorneys, Advantage Law Group, Ltd. and Ottenheimer Teplinsky Rosenbloom LLC, and for her Breach of Loan Agreement claim against RIUSCO, states the following:

1.     AMATTHEW restates and realleges paragraph 10 through 15, paragraphs 21-27, 29-30 and 35 of the FACTS as paragraph 1 of Count V.

2.     On or about August 1, 2005, RIUSCO executed said Promissory Note on behalf of MARQUEE and secured same with a Mortgage on his personal residence. (See Exhibit "F".)

3.     As consideration for RIUSCO executing and securing said Note with a Mortgage on his personal residence, AMATTHEW loaned Fifty Thousand Dollars ($50,000.00) to MARQUEE on or about August 2, 2005.

4.     AMATTHEW performed all conditions required of him pursuant to the terms of the Promissory Note and Mortgage.

5.     RIUSCO breached the terms of the Promissory Note and Mortgage by failing to repay AMATTHEW Sixty-Two Thousand, Five Hundred Dollars ($62,500.00) on or before August 1, 2006.

6.     RIUSCO only paid AMATTHEW Twenty-Five Thousand Dollars ($25,000.00).

7.     RIUSCO also breached the terms of said Promissory Note  by failing to name AMATTHEW a member in the LLC to which the property was deeded, (grant AMATTHEW an equity interest in the limited liability company.)

8.     On several occasions, AMATTHEW made demand upon RIUSCO for the payment of the monies due him and to be named a member in the LLC to which the property was deeded but RIUSCO failed and refused to pay said monies to AMATTHEW or to name AMATTHEW a member in the LLC.

9.     Because RIUSCO is now in default on said Note and Mortgage, as of November 2008, RIUSCO owes AMATTHEW the total sum of Thirty-Seven Thousand, Five Hundred Dollars ($37,500.00), plus interest and late charges as defined in the Note. (See Exhibit "F".)

WHEREFORE, the Plaintiff, AMATTHEW, prays that this Honorable Court enters Judgment in her favor and against the Defendant, RIUSCO, in the amount of Thirty-Seven Thousand, Five Hundred Dollars ($37,500.00), plus interest and late charges as defined in the Note, and for any further relief that this Court deems just and proper.

# COUNT VI

## COMPLAINT TO FORECLOSE MORTGAGE
### (AMATTHEW v RIUSCO, MIUSCO, 3356 LLC, UNKNOWN OWNERS AND NON-RECORD CLAIMANTS)

1.      AMATTHEW restates and realleges Paragraphs 1-4 in Count IV as Paragraph 1 in Count V of the Amended Complaint.

2.      AMATTHEW brings this Complaint to foreclose the Mortgage on RIUSCO's residence ("Mortgage") hereinafter described and joins the following persons as Defendants: RIUSCO, MIUSCO, 3356 LLC, AJOHNSON, MPATEL AND YPATEL, all unknown owners and non-record claimants.

3.      Attached is a copy of the Mortgage ("Mortgage"), and the Promissory Note secured thereby, dated August 1, 2005 ("Note") (see Exhibit "F").

4.      Information concerning the Mortgage:

     (a)      Nature of instrument: Mortgage.

     (b)      Date of Mortgage: August 1, 2005

     (c)      Name of Mortgagor: Romeo Iusco

     (d)      Name of Mortgagee: Annama Matthew

     (e)      Date and place of recording: June 16, 2008,
              Cook County Recorder of Deeds;

     (f)      Identification of the recording: No. 0817018004

     (g)      Interest subject to the Mortgage: fee simple

     (h)      Amounts of original indebtedness, including subsequent advances made under the Mortgage, as Amended: Sixty-Two Thousand, Five Hundred Dollars ($62,500.00)

     (i)      Both the Legal description of the mortgaged real estate and the common address or other information sufficient to identify it with reasonable certainty:

      (i)    <u>Legal Description</u>:

LOT 4 IN BLOCK 1 IN GROSS' NORTH ADDITION TO CHICAGO, BEING A SUBDIVISION OF THE SOUTHWESTERLY ½ OF THE EAST ½ OF THE SOUTHEAST ¼ OF SECTION 19, TOWNSHIP 40 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

      (ii)    <u>Common Address</u>:

3536 North Lincoln Avenue, Chicago, IL 60657
<u>PIN Number</u>:  14-19-404-003-0000

(j)    Statement as to defaults, including, but not necessarily limited to, date of default, current unpaid principal balance, current per diem interest accruing and in any other information concerning the default:

      (i)    The Mortgagor has been in default on the Note since December 2007.

      (ii)    The current unpaid principal balance as of November 14, 2008 is Thirty-Seven Thousand, Five Hundred Dollars ($37,500.00), plus interest and late charges accrued thereafter, court costs, title costs, and Plaintiff's attorneys fees.

(k)    Name of present owners of the real estate:  Romeo Iusco

(l)    Name of other persons who are joined as Defendants and whose interest on the lien on the mortgaged real estate as sought to be terminated:

      (i)    AJOHNSON
      (ii)    MPATEL
      (iii)    YPATEL
      (iv)    MIUSCO
      (v)    3356 LLC
      (vi)    All unknown owners.
      (vii)    All non-record claimants.

(m)    Name of Defendant claimed to be personally liable for deficiency, if any: Romeo Iusco

(n)    Capacity in which Plaintiff brings this foreclosure:

The owner and legal holder of the Note, the mortgage and indebtedness.

(o)    Facts in support of shortened redemption period, if sought: None

(p)    State that the right of redemption has been waived by all owners of redemption, if applicable: None

(q)    Facts in support of request for attorneys' fees and of costs and expenses, if applicable.
Plaintiff has been required to retain counsel for prosecution of this foreclosure and to incur substantial attorneys' fees, court costs, title insurance or abstract costs, and other expenses that should be added to the balance secured by said Mortgage.

(r)    Facts in support of a request for appointment of mortgagee in possession or for appointment of a receiver, and the identity of such receiver, if sought: None

(s)    Plaintiff does NOT offer to Mortgagor in accordance with 735 ILCS 5/15-1402 to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the Mortgage without judicial sale.

(t)    Name or names of Defendants whose right to possess the mortgage real estate, after the confirmation of a foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof: None

WHEREFORE, the Plaintiff, AMATTHEW, respectfully requests this Honorable Court to grant the following relief:

A.    Enters a Judgment of Foreclosure and Sale.

B.    Enters an Order granting a shortened period of redemption, if any is sought.

C.    Enter a personal Judgment for a deficiency, if sought.

D.    Enter an Order granting possession.

E.    Enter an Order placing the mortgagee in possession or appointing a receiver, if sought.

F.    Enter a Judgment for attorneys' fees, costs and expenses, if sought.

G.    Grant such other relief as equity may require, including, but not limited to, declaratory and injunctive relief.

## COUNT VII

### SECURITES FRAUD UNDER 815 ILCS 5/12(F)
### (AMATTHEW v. RIUSCO)

1.      AMATTHEW restates and realleges the allegations set forth in paragraphs 1 through 9 of Count V as paragraph 1 of Count VII.

2.      Based upon the foregoing, AMATTHEW purchased a security interest in MARQUEE when she invested Fifty Thousand Dollars ($50,000.00) in MARQUEE on August 2, 2005.

3.      At the time that AMATTHEW purchased her security interest in MARQUEE and RIUCSO signed and personally guaranteed the Promissory Note, RIUSCO represented to AMATTHEW that the money which AMATTHEW invested in MARQUEE would be used by MARQUEE to purchase property for the construction of condominiums, that said property would be deeded to an LLC and that AMATTHEW would be named a member in said LLC.

4.      Said misrepresentations were intentionally made By RIUSCO for the purpose of inducing AMATTHEW into investing in the MARQUEE VENTURE.

5.      At the time that RIUSCO made said misrepresentations, he knew or, in the exercise of reasonable care, should have known that he had no intention of using the monies which AMATTHEW invested in the MARQUEE VENTURE to purchase property in the name of the VENTURE, to name AMATTHEW as a member in any LLC to which the property was deeded or, to repay AMATTHEW the principal amount of the loan with interest.

6.      At the time that RIUSCO made said misrepresentations, he intentionally omitted mentioning to AMATTHEW that he intended to use the monies which AMATTHEW loaned to MARQUEE to purchase the Ashland property in his own name and then to transfer said property to himself and MIUSCO.

7.      AMATTHEW's reliance on RIUSCO's representations was reasonable in that he was neither given notice nor was otherwise aware of the falsity of said representations and could not have discovered the falsity of same through ordinary prudence.

8.      In reliance on RIUSCO's representations, AMATTHEW invested substantial sums of money in the MARQUEE VENTURE.

9.      But for RIUSCO's fraudulent and untrue representations, AMATTHEW would never have invested money in the MARQUEE VENTURE.

WHEREFORE, the Plaintiff, AMATTHEW, prays that this Honorable Court enters Judgment in his favor and against the Defendant, RIUSCO, in the amount of One Hundred Thousand Dollars ($100,000.00), plus accrued interest, late charges, attorney fees and cost, punitive damages and for such other and further relief that this Court deems just and proper.

## COUNT VIII

### SECURITES FRAUD UNDER 815 ILCS 5/12(F)
### (AJOHNSON, as ASSIGNEE  of YPATEL, PDESAI,
### ASHAH and KRAVANI  v. RIUSCO)

NOW COMES the Plaintiff, AJOHNSON, as Assignee of YPATEL, PDESAI, ASHAH and KRAVANI, by and through his attorneys, Advantage Law Group, Ltd. and Ottenheimer Teplinsky Rosenbloom LLC, and for his Securities Fraud claim under 815 ILCS 5/12 (F) against RIUSCO, states the following:

1.      AJOHNSON, as Assignee of YPATEL, PDESAI, ASHAH and KRAVANI, restates and realleges the allegations set forth in paragraphs 10 through 17, paragraphs 19, 20 and 40 of the FACTS as paragraph 1 of Count VIII.

2.    Based upon the foregoing, YPATEL, PDESAI, ASHAH and KRAVANI purchased security interests in MARQUEE when they invested their respective sums of money in MARQUEE between 6/8/05 and 7/27/05.

3.    At the time that YPATEL, PDESAI, ASHAH and KRAVANI purchased their security interests in MARQUEE and prior to entering their respective Promissory Notes, RIUSCO represented to YPATEL, PDESAI, ASHAH and KRAVANI, that the money which they invested in MARQUEE would be used by MARQUEE to purchase property for the construction of condominiums, that said property would be deeded to an LLC and that they would be named members in said LLC.

4.    Said misrepresentations were intentionally made By RIUSCO for the purpose of inducing YPATEL, PDESAI, ASHAH and KRAVANI into investing in the MARQUEE VENTURE.

5.    At the time that RIUSCO made said misrepresentations, he knew or, in the exercise of reasonable care, should have known that he had no intention of using the monies which YPATEL, PDESAI, ASHAH and KRAVANI invested in the MARQUEE VENTURE to purchase property in the name of the VENTURE, to name them as members in any LLC to which the property was deeded or, to repay them the principal amount of the loan with interest.

6.    At the time that RIUSCO made said misrepresentations, he intentionally omitted mentioning to YPATEL, PDESAI, ASHAH and KRAVANI, that he intended to use the monies which they loaned to MARQUEE to purchase property in his own name and then to transfer the property to himself and MIUSCO.

7.    YPATEL, PDESAI, ASHAH and KRAVANI's reliance on RIUSCO's representations was reasonable in that they were neither given notice nor were they otherwise

aware of the falsity of said representations and could not have discovered the falsity of same through ordinary prudence.

8.    In reliance on RIUSCO's representations, YPATEL, PDESAI, ASHAH and KRAVANI invested substantial sums of money in the MARQUEE VENTURE.

9.    But for RIUSCO's fraudulent and untrue representations, YPATEL, PDESAI, ASHAH and KRAVANI, would never have invested money in the MARQUEE VENTURE.

WHEREFORE, the Plaintiff, AJOHNSON, as Assignee of YPATEL, PDESAI, ASHAH and KRAVANI, prays that this Honorable Court enters Judgment in his favor and against the Defendant, RIUSCO, in the total amount of monies due his Assignors, plus accrued interest, late charges, attorney fees and costs and for such other and further relief that this Court deems just and proper.

## COUNT IX

### BREACH OF ORAL LOAN AGREEMENT
### (AJOHNSON, INDIVIDUALLY AND AS A SHAREHOLDER OF
### MARQUEE v RIUSCO)

NOW COMES the Plaintiff, AJOHNSON, Individually and as a Shareholder in MARQUEE, by and through his attorneys, Advantage Law Group, Ltd. and Ottenheimer Teplinsky Rosenbloom LLC, and for his Breach of Oral Loan Agreement claim against RIUSCO, states the following:

10.    AJOHNSON restates and realleges paragraphs 47 and 48 of the FACTS as paragraph 1 of Count IX.

11.    AJOHNSON performed all conditions required of him pursuant to the terms of their oral Agreement.

P:\HLT\Plds\Johnson-Alex\Complaint4.doc

12.    RIUSCO breached the terms of their oral Agreement by failing to repay AJOHNSON the Twenty Five Thousand Dollars ($25,000.00) on or before October 12, 2006.

13.    On several occasions, AJOHNSON made demand upon RIUSCO for the payment of the monies due him but RIUSCO failed and refused to pay said monies to AJOHNSON, as promised.

14.    As of November 2008, RIUSCO owes AJOHNSON the total sum of Twenty-Five Thousand Dollars ($25,000.00), plus interest.

WHEREFORE, the Plaintiff, AJOHNSON, prays that this Honorable Court enters Judgment in his favor and against the Defendant, RIUSCO, in the amount of Twenty-Five Thousand Dollars ($25,000.00), plus interest and for any further relief that this Court deems just and proper.

## COUNT X

## BREACH OF ORAL LOAN AGREEMENT
## (MPATEL v RIUSCO)

NOW COMES the Plaintiff, MPATEL, by and through his attorneys, Advantage Law Group, Ltd. and Ottenheimer Teplinsky Rosenbloom LLC, and for his Breach of Oral Loan Agreement against RIUSCO, states the following:

1.    MPATEL restates and realleges paragraph 31 of the FACTS as paragraph 1 of Count X.

2.    MPATEL performed all conditions required of him pursuant to the terms of their oral Agreement.

3.    RIUSCO breached the terms of their oral Agreement by failing to repay MPATEL the Twenty Thousand Dollars ($20,000.00) on or before November 2005.

4.     On several occasions, MPATEL made demand upon RIUSCO for the payment of the monies due him but RIUSCO failed and refused to pay said monies to MPATEL, as promised.

5.     As of November 2008, RIUSCO owes MPATEL the total sum of Twenty Thousand Dollars ($20,000.00), plus interest.

WHEREFORE, the Plaintiff, MPATEL, prays that this Honorable Court enters Judgment in his favor and against the Defendant, RIUSCO, in the amount of Twenty Thousand Dollars ($20,000.00), plus interest and for any further relief that this Court deems just and proper.

### COUNT XI

### BREACH OF FIDUCIARY DUTY
### (MPATEL and AJOHNSON, as SHAREHOLDERS IN MARQUEE v RIUSCO)

NOW COMES the Plaintiffs, MPATEL and AJOHNSON, as Shareholders in MARQUEE, by and through their attorneys, Advantage Law Group, Ltd. and Ottenheimer Teplinsky Rosenbloom LLC, and for their Breach of Fiduciary Duty claim against RIUSCO, state the following:

1.     MPATEL and AJOHNSON, as Shareholders in MARQUEE, restate and reallege paragraphs 10 through 15, 22-28 and 36-39 of the FACTS as paragraph 1 of Count XI.

2.     Based upon the foregoing, RIUSCO had a duty to deal openly and honestly with MPATEL and AJOHNSON, as co-shareholders, officers and directors in MARQUEE and to exercise the utmost good faith and honesty in all dealings and transactions relating to MARQUEE.

3.     As the officer who assumed exclusive control over the financial affairs of MARQUEE, RIUSCO owed a fiduciary duty to MARQUEE, and to MPATEL and AJOHNSON, as co-shareholders in MARQUEE, not to engage in self-dealings.

4.     RIUSCO breached the above duties by engaging in a self-dealing transaction whereby he withdrew funds of MARQUEE and converted them to his personal use, by purchasing the Property in his own name and not in the name of MARQUEE, by failing to account to AJOHNSON and MAPTEL for their share of the profits from the sale of the condominium units and by not distributing to AJOHNSON and MPATEL any cash representing distributions on such share.

5.     RIUSCO also breached the above duties by hindering the ability of the corporation to continue the business for which it was developed.

6.     As a direct and proximate result of RIUSCO's breach of his fiduciary duties, MPATEL and AJOHNSON, as Shareholders in MARQUEE, have been damaged in an amount in excess of $350,000.00, plus interest, plus the Retained Profits, in an amount to be proven at trial.

WHEREFORE, the Plaintiffs, MPATEL and AJOHNSON, as Shareholders in MARQUEE, pray that this Court enters Judgment in their favor and against the Defendant, ROMEO IUSOC, as follows:

A.     Damages in excess on Three Hundred Fifty Thousand Dollars ($350,000.00).

B.     Prejudgment interest pursuant to 815 ILCS 205/2

C.     Such other and further relief that this Court deems just and proper.

## COUNT XII

### UNAUTHORIZED ASSUMPTION OF CORPORATE POWERS
### (MPATEL and AJOHNSON, as SHAREHOLDERS IN MARQUEE v RIUSCO)

NOW COMES the Plaintiffs, MPATEL and AJOHNSON, as SHAREHOLDERS IN MARQUEE, by and through their attorneys, Advantage Law Group, Ltd. and Ottenheimer

Teplinsky Rosenbloom LLC, and for their Unauthorized Assumption of Corporate Powers claim against RIUSCO, state the following:

1.      MPATEL and AJOHNSON, as SHAREHOLDERS IN MARQUEE restate and reallege paragraphs 10 through 40 of the FACTS as paragraph 1 of Count XII.

2.      Based upon the foregoing, RIUSCO used MARQUEE's corporate funds to purchase property in his own name and to keep the profits from the sale of the condominium units for himself, without any corporate authority to do so.

3.      As a direct and proximate result of RIUSCO's action, MARQUEE defaulted on its promissory notes with AMATTHEW, MSHARMA, YPATEL, PDESAI, ASHAH and KRAVANI.

4.      As a direct and proximate result of RIUSCO's actions, MPATEL and AJOHNSON were denied their respective one-third shares in MARQUEE's profit from the sale of the condominium units.

5.      Pursuant to 805 ILCS 5/3.20, RIUSCO is personally liable for all debts and liabilities of MARQUEE that resulted from his unauthorized assumption of corporate powers; i.e. monies which are due and owing AMATTHEW, MSHARMA, AJOHNSON, as ASSIGNEE OF YPATEL, PDESAI, ASHAH and KRAVANI for MARQUEE's  breach of their respective Promissory Notes and monies which are due and owing MPATEL and AJOHNSON from MARQUEE for their share in the profits from the sale of the condominium units.

WHEREFORE, the Plaintiffs, MPATEL and AJOHNSON, as SHAREHOLDERS IN MARQUEE pray that this Court enters judgment in their favor and against the Defendant, RIUSCO in an amount equal to those debts and liabilities of MARQUEE which arose from RIUSCO's unauthorized assumption of corporate powers, plus prejudgment interest pursuant to

815 ILCS 205/2, reasonable attorney fees and costs as provided by law, and for such other and

further relief that this Court deems just and proper.

**COUNT XIII**

**BREACH OF FIDUCIARY DUTY**
**(MSHARMA, AMATTHEW, AJOHNSON, as ASSIGNEE OF YPATEL,**
**PDESAI, ASHAH and KRAVANI v RIUSCO)**

NOW COMES, MSHARMA, AMATTHEW, AJOHNSON, as ASSIGNEE OF

YPATEL, PDESAI, ASHAH and KRAVANI, by and through their attorneys, Advantage Law

Group, Ltd. and Ottenheimer Teplinsky Rosenbloom LLC, and for their Breach of Fiduciary

Duty Claim against RIUSCO, state the following:

1.    MSHARMA, AMATTHEW, AJOHNSON, as ASSIGNEE OF YPATEL,

PDESAI, ASHAH and KRAVANI restate and reallege paragraphs 10-27, 29-31, 36 -39 of the

FACTS as paragraph 1 of Count XIII.

2.    Based upon the foregoing, RIUSCO owed a fiduciary duty to MSHARMA,

AMATTHEW, AJOHNSON, as ASSIGNEE OF YPATEL, PDESAI, ASHAH and KRAVANI

not to engage in self dealings with the loan proceeds which these Plaintiffs invested in

MARQUEE.

3.    RIUSCO breached his fiduciary duty to these Plaintiffs by using their loan

proceeds to purchase the Ashland Property in his own name and by not naming them as members

in the LLC to which the Property was deeded, in direct violation of the terms set forth in their

respective Promissory Notes.

4.    As a direct and proximate result of said breach, MSHARMA, AMATTHEW,

AJOHNSON, as ASSIGNEE OF YPATEL, PDESAI, ASHAH and KRAVANI have been

damaged in the total amount of their Loan Proceeds, plus accrued interest, plus the value of any equity share that should have been granted them in the LLC to which the Property was deeded.

WHEREFORE, the Plaintiffs, MSHARMA, AMATTHEW, AJOHNSON, as ASSIGNEE OF YPATEL, PDESAI, ASHAH and KRAVANI pray that this Court enters judgment in their favor and against the defendant, RIUSCO, in the total amount of their loan proceeds, plus accrued interest, plus the value of any equity share that should have been granted them in the LLC to which the property was deeded and for such other relief that this Court deems just and proper.

## COUNT XIV

### CONSTRUCTIVE TRUST AGAINST 3643 LLC
### (MPATEL AND AJOHNSON, INDIVIDUALLY AND AS SHAREHOLDERS IN
### MARQUEE V. 3643 ASHLAND, LLC)

NOW COMES the Plaintiffs, MPATEL and AJOHNSON, Individually and as SHAREHOLDERS IN MARQUEE, and for their CONSTRUCTIVE TRUST claim against the real estate held by the 3643 LLC, state the following:

1.      MPATEL and AJOHNSON, Individually and as SHAREHOLDERS IN MARQUEE, restate and reallege paragraphs 2 through 6 of Count XI as paragraph 1 of Count XIV.

2.      Based upon the foregoing, MARQUEE's funds were wrongfully appropriated by RIUSCO to purchase real estate at 3641-43 North Ashland Ave, Chicago, IL, in his own name and to later convey said property to the 3643 LLC by Quit Claim Deed.

3.      As a result, 3643 LLC received money properly belonging to MARQUEE under circumstances that it should not be allowed to retain.

4.     Furthermore, 3643 LLC is controlled by RIUSCO and MIUSCO and was not a bona fide purchaser for value of the real estate.

5.     Under these circumstances, equity requires that a constructive trust be imposed over the real estate held by the 3643 LLC.

WHEREFORE, the Plaintiffs, MPATEL and AJOHNSON, Individually and as SHAREHOLDERS IN MARQUEE, pray that this Court impose a constructive trust on the real estate held by the 3643 LLC and for such further relief that this Court deems just and proper.

## COUNT XV

### CONSTRUCTIVE TRUST AGAINST 3536 LLC
### (MPATEL AND AJOHNSON, INDIVIDUALLY AND AS SHAREHOLDERS IN MARQUEE V. 3536 LLC)

NOW COMES the Plaintiffs, MPATEL and AJOHNSON, Individually and as SHAREHOLDERS IN MARQUEE, and for their CONSTRUCTIVE TRUST claim against the real estate held by the 3536 LLC, state the following:

1.     MPATEL and AJOHNSON, Individually and as SHAREHOLDERS IN MARQUEE, restate and reallege paragraphs 1 through 6 of Count XI as paragraph 1 of Count XV.

2.     In addition to the foregoing, RIUSCO breached his fiduciary duties to MARQUEE and to MPATEL and AJOHNSON, as SHAREHOLDERS IN MARQUEE by using funds from the 3643 LLC to obtain a construction loan for improving property owned by another one of his corporations, the 3536 LLC.

3.     Through this loan transaction, RIUSCO was, in effect, withdrawing MARQUEE's funds from the 3643 LLC and transferring same to other properties owned by him and MIUSCO.

4.      Under these circumstances, the 3536 LLC received money properly belonging to MARQUEE under circumstances that it should not be allowed to retain.

5.      Equity therefore requires that a constructive trust be imposed over the real estate held by the 3536 LLC.

WHEREFORE, the Plaintiffs, MPATEL and AJOHNSON, Individually and as SHAREHOLDERS IN MARQUEE, pray that this Court imposes a constructive trust on the real estate held by the 3536 LLC and for such further relief that this Court deems just and proper.

**COUNT XVI**

**CONSTRUCTIVE TRUST AGAINST  5121 LLC**
**(MPATEL AND AJOHNSON, INDIVIDUALLY AND AS SHAREHOLDERS IN MARQUEE V. 5121 LLC)**

NOW COMES the Plaintiffs, MPATEL and AJOHNSON, Individually and as SHAREHOLDERS IN MARQUEE, and for their CONSTRUCTIVE TRUST claim against the real estate held by the 5121 LLC, state the following:

1.      MPATEL and AJOHNSON, Individually and as SHAREHOLDERS IN MARQUEE, restate and reallege paragraphs 1 through 6 of Count XI as paragraph 1 of Count XVI.

2.      In addition to the foregoing, RIUSCO breached his fiduciary duties to MARQUEE and to MPATEL and AJOHNSON, as SHAREHOLDERS IN MARQUEE, by executing a Mortgage on February 12, 2008 in favor of Adelphia Venture Partners, LLC to secure a borrowing by the 3643 LLC in the initial amount of $300,000. This Mortgage was co-signed by MIUSCO and the 5121 LLC, another limited liability company owned and controlled by the IUSCOS and used to either purchase or improve the real estate known as 5121 N. Kenmore, Chicago, Illinois (P.I.N. 14-08-402-003-0000).

3.      Through this subsequent loan transaction, the IUSCOs were in effect withdrawing MARQUEE's funds from 3641-43 North Ashland Ave, Chicago, Illinois and transferring same to 5121 North Kenmore, L.L.C.

4.      Under these circumstances, the 5121 LLC received money properly belonging to MARQUEE which it should not be allowed to retain.

5.      Equity therefore requires that a constructive trust be imposed over the real estate held by the 5121 LLC.

WHEREFORE, the Plaintiffs, MPATEL and AJOHNSON, Individually and as SHAREHOLDERS IN MARQUEE, pray that this Court imposes a constructive trust on the real estate held by the 5121 LLC and for such further relief that this Court deems just and proper.

## COUNT XVII

### CONSTRUCTIVE TRUST AGAINST  7247 LLC
### (MPATEL AND AJOHNSON, INDIVIDUALLY AND AS SHAREHOLDERS IN MARQUEE V. 7247 LLC)

NOW COMES the Plaintiffs, MPATEL and AJOHNSON, Individually and as SHAREHOLDERS IN MARQUEE, and for their CONSTRUCTIVE TRUST claim against the real estate held by the 7247 LLC, state the following:

1.      MPATEL and AJOHNSON, Individually and as SHAREHOLDERS IN MARQUEE, restate and reallege paragraphs 1 through 6 of Count XI as paragraph 1 of Count XVII.

2.      In addition to the foregoing, RIUSCO breached his fiduciary duties to MARQUEE and to MPATEL and AJOHNSON, as SHAREHOLDERS IN MARQUEE by engaging in at least one other subsequent loan transaction in which borrowings were cross-collateralized by entities owned and controlled by the IUSCOS, including the 7247LLC.

- 33 -

3.    Through this subsequent loan transaction, the IUSCOs were again effectively withdrawing MARQUEE's funds from the 3643 LLC and transferring them to the 7247 LLC to be converted into a different form.

4.    On information and belief, the IUSCOS either purchased or improved the real estate known as 7247 N. Claremont, Chicago, IL (P.I.N. 11-30-319-003¬0000) using funds wrongfully appropriated from MARQUEE and these PLAINTIFFS therefore claim an interest in the said real estate.

5.    Under these circumstances, the 7247 LLC received money properly belonging to MARQUEE which it should not be allowed to retain.

6.    Equity therefore requires that a constructive trust be imposed over the real estate held by the 7247 LLC.

WHEREFORE, the Plaintiffs, MPATEL and AJOHNSON, Individually and as SHAREHOLDERS IN MARQUEE, pray that this Court imposes a constructive trust on the real estate held by the 7247 LLC and for such further relief that this Court deems just and proper.

## COUNT XVIII

### ACCOUNTING
### (MPATEL AND AJOHNSON, INDIVIDUALLY AND
### AS SHAREHOLDERS IN MARQUEE V. RIUSCO)

NOW COMES the Plaintiffs, MPATEL and AJOHNSON, Individually and as SHAREHOLDERS IN MARQUEE, and for their action for an Accounting against the Defendants, RIUSCO, state the following:

1.    MPATEL and AJOHNSON, Individually and as SHAREHOLDERS IN MARQUEE restate and reallege paragraphs 1 through 6 of Count XI as paragraph 1 of Count XVIII.

2.     The amount of the Retained Profits due MPATEL and AJOHNSON as

SHAREHOLDERS IN MARQUEE is unknown and cannot be ascertained without an accounting

of the revenue, expenses, gains and losses from the VENTURE.

3.     MPATEL and AJOHNSON, Individually and as SHAREHOLDERS IN

MARQUEE made a demand upon RIUSCO for an accounting of the revenue, expenses , gains

and losses of the VENTURE but RIUSCO refused and continues to refuse to do so.

WHEREFORE, the Plaintiffs, MPATEL and AJOHNSON, Individually and as

SHAREHOLDERS IN MARQUEE pray that this Court enters an Order, compelling RIUSCO to

conduct an Accounting of all Profits, revenues, expenses, gains, and losses from the Venture and

for such other relief that this Court deems just and proper.

### COUNT XIX

### ACCOUNTING
### (MSHARMA, AMATTHEW, AJOHNSON, as ASSIGNEE OF YPATEL, PDESAI, ASHAH and KRAVANI V. RIUSCO)

NOW COMES the Plaintiffs, MSHARMA, AMATTHEW, AJOHNSON, as ASSIGNEE

OF YPATEL, PDESAI, ASHAH and KRAVANI, and for their action for an Accounting against

the Defendants, RIUSCO, state the following:

1.     MSHARMA, AMATTHEW, AJOHNSON, as ASSIGNEE OF YPATEL,

PDESAI, ASHAH and KRAVANI restate and reallege paragraphs 1 through 4 of Count XIII as

paragraph 1 of Count XIX.

2.     The value of MSHARMA, AMATTHEW, AJOHNSON, as ASSIGNEE OF

YPATEL, PDESAI, ASHAH and KRAVANI's equitable interest in the LLC's is unknown and

cannot be ascertained without an accounting of the revenue, expenses, gains and losses from the

VENTURE and LLCS.

3.     MSHARMA, AMATTHEW, AJOHNSON, as ASSIGNEE OF YPATEL,
PDESAI, ASHAH and KRAVANI made a demand upon RIUSCO for an accounting of the
revenue, expenses, gains and losses from the VENTURE and  LLCS but RIUSCO refused and
continues to refuse to do so.

WHEREFORE, the Plaintiffs, MPATEL and AJOHNSON, Individually and  as
SHAREHOLDERS IN MARQUEE pray that this Court enters an Order, compelling RIUSCO to
conduct an Accounting of all Profits, revenues, expenses, gains, and losses from the Venture and
LLCs and for such other relief that this Court deems just and proper.

Respectfully submitted,

ALEX JOHNSON, Individually and  as a
shareholder of MARQUEE BUILDERS, INC.
ALEX JOHNSON, as Assignee of ANAND SHAH,
KANTI RAVANI; PHILLIP DESAI  and
YASHWANT PATEL, MUKESH SHARMA,
Individually, ANN MATTHEW, Individually.
MITESH PATEL, Individually,

_____
One of Plaintiff's Attorneys

Howard L. Teplinsky
Michele J. Braun
Ottenheimer Teplinsky Rosenbloom, LLC
750 Lake Cook Road, Suite 140
Buffalo Grove, Illinois  60089
(847) 520-9400
Attorney No. 41161

David Gearheart
Advantage LawGroup Ltd.
1933 N. Meadow Rd. #110
Schaumburg, Illinois 60173
847 – 303-5275 Phone
847-303-5276  Fax
Attorney No. 39893

P:\HLT\Plds\Johnson-Alex\Complaint4.doc

630 595 9971

## PROMISSORY NOTE

$75,000                                                      Date: 6/7/05

                                                             Illinois

1.   **BORROWER'S PROMISE TO PAY PRINCIPAL AND INTEREST.** For value received, the undersigned Marquee Builders, Inc., ("Borrower") promises to pay to Yashvant Patel ("Lender"), the principal sum of SEVENTY FIVE THOUSAND DOLLARS ($75,000), with interest from the date hereof in the amount of THIRTY SEVEN THOUSAND, FIVE HUNDRED DOLLARS ($37,500), for a total payment of ONE HUNDRED AND TWELVE THOUSAND, FIVE HUNDRED DOLLARS ($112,500) payable in a single payment, on or before November 15, 2006. As known to Lender, the loan, as referenced above, will be used, inter alia, to purchase property for renovation (the construction of condominiums). Said property will be deeded to a Limited Liability Company (to be formed), to which Limited Liability Company, Lender will be named a member.

2.   **DEFAULT BY BORROWER AND LATE CHARGE.** Should default be made in the payment when due, the undersigned agrees (a) to pay immediately, without demand, to the holder, an amount equal to the equivalent of three percent (3%) of the total amount owing; (b) that it would be impractical or extremely difficult to fix the holder's actual damages in the event that payment is not be paid when due; and (c) that such amount(s) shall be presumed to be the amount of damages for such late payment.

3.   **PREPAYMENT PRIVILEGE.** The principal amount due on this Note may be prepaid in whole or in part at any time, without penalty.

4.   **NOTE PAYABLE IN U.S. DOLLARS.** Principal, interest, and charges are payable in lawful money of the United States.

5.   **ENTIRE AGREEMENT.** This Agreement shall constitute the entire agreement between the parties. Any prior understanding or representation of any kind preceding the date of this Agreement shall not be binding upon either party except to the extent incorporated in this Agreement.

6.   **EFFECT OF PARTIAL INVALIDITY.** The invalidity of any portion of this Agreement will not and shall not be deemed to affect the validity of any other provision. In the event that any provision of this Agreement is held to be invalid, the parties agree that the remaining provisions shall be deemed to be in full force and effect as if they had been executed by both parties subsequent to the expungement of the invalid provision.

7.   **GOVERNING LAW, BINDING EFFECT, JURISDICTION AND VENUE.** This Agreement and the interpretation and enforcement of the same shall be governed by and construed in accordance with the laws of the State of Illinois and shall be binding upon, inure to the benefit of, and be enforceable by the parties hereto as well as their respective heirs, personal representatives, successors and assigns.


Subscribed and sworn to
before me this _7TH_                              Borrower: Marquee Builders, Inc.
day of _JUNE_, 2005.
                                                 By: _____

_Anne M Wagner_                                  Title: _Treasurer_

**OFFICIAL SEAL**
Anne M. Wagner
Notary Public, State of Illinois
My Commission Expires...

**EXHIBIT**

**A**

# PROMISSORY NOTE

Date: 7/26/05

$50,000                                                                                    Illinois

1.  BORROWER'S PROMISE TO PAY PRINCIPAL AND INTEREST. For value received, the undersigned Marquee Builders, Inc., ("Borrower") promises to pay to Phillip Desai ("Lender"), the principal sum of FIFTY THOUSAND DOLLARS ($50,000), with interest from the date hereof in the amount of TWENTY FIVE THOUSAND DOLLARS ($25,000), for a total payment of SEVENTY FIVE THOUSAND DOLLARS ($75,000) payable in a single payment, on or before November 15, 2006.  As known to Lender, the loan, as referenced above, will be used, inter alia, to purchase property for renovation (the construction of condominiums). Said property will be deeded to a Limited Liability Company (to be formed), to which Limited Liability Company, Lender will be named a member.

2.  DEFAULT BY BORROWER AND LATE CHARGE. Should default be made in the payment when due, the undersigned agrees (a) to pay immediately, without demand, to the holder, an amount equal to the equivalent of three percent (3%) of the total amount owing; (b) that it would be impractical or extremely difficult to fix the holder's actual damages in the event that payment is not be paid when due; and (c) that such amount(s) shall be presumed to be the amount of damages for such late payment.

3.  PREPAYMENT PRIVILEGE. The principal amount due on this Note may be prepaid in whole or in part at any time, without penalty.

4.  NOTE PAYABLE IN U.S. DOLLARS. Principal, interest, and charges are payable in lawful money of the United States.

5.  ENTIRE AGREEMENT. This Agreement shall constitute the entire agreement between the parties.  Any prior understanding or representation of any kind preceding the date of this Agreement shall not be binding upon either party except to the extent incorporated in this Agreement.

6.  EFFECT OF PARTIAL INVALIDITY. The invalidity of any portion of this Agreement will not and shall not be deemed to affect the validity of any other provision.  In the event that any provision of this Agreement is held to be invalid, the parties agree that the remaining provisions shall be deemed to be in full force and effect as if they had been executed by both parties subsequent to the expungement of the invalid provision.

7.  GOVERNING LAW, BINDING EFFECT, JURISDICTION AND VENUE.  This Agreement and the interpretation and enforcement of the same shall be governed by and construed in accordance with the laws of the State of Illinois and shall be binding upon, inure to the benefit of, and be enforceable by the parties hereto as well as their respective heirs, personal representatives, successors and assigns.


Subscribed and sworn to
before me this   26
day of  JULY  , 2005.

_Grace Thiess_
Notary Public

Borrower: Marquee Builders, Inc.

By: _____

Title: Treasurer


"OFFICIAL SEAL"
Grace T. Weiss
Notary Public, State of Illinois
My Commission Exp. 04/28/2007

EXHIBIT
B

## PROMISSORY NOTE

$100,000

Date: 11|18|05

Illinois

**1. BORROWER'S PROMISE TO PAY PRINCIPAL AND INTEREST.** For value received, the undersigned Marquee Builders, Inc., ("Borrower") promises to pay to Mukesh Sharma ("Lender"), the principal sum of ONE HUNDRED THOUSAND DOLLARS ($100,000), with interest from the date hereof in the amount of FIFTY THOUSAND DOLLARS ($50,000), for a total payment of ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000) payable in a single payment, on or before August 1, 2006. As known to Lender, the loan, as referenced above, will be used, inter alia, to purchase property for renovation (the construction of condominiums). Said property will be deeded to a Limited Liability Company (to be formed), to which Limited Liability Company, Lender will be named a member. Borrower further acknowledges that Lender intends to file a mortgage lien against the above-referenced property, upon closing, and a sample mortgage is attached hereto for reference. Borrower further acknowledges that property will not be deeded or transferred to buyers until Lender's mortgage lien has been filed.

**2. DEFAULT BY BORROWER AND LATE CHARGE.** Should default be made in the payment when due, the undersigned agrees (a) to pay immediately in addition to the interest of $50,000.00, per paragraph 1, without demand, to the holder, an amount equal to the equivalent of five percent (5%), calculated on a monthly basis and payable on a monthly basis, of the total amount owing (on principal only); (b) that it would be impractical or extremely difficult to fix the holder's actual damages in the event that payment is not be paid when due; and (c) that such amount(s) shall be presumed to be the amount of damages for such late payment. In the event that Borrower has not paid to Lender on or before January 1, 2007, all principal and interest owed under this note, Lender shall have the option of commencing legal action. In the event that Lender is required to initiate such legal action, the Borrower shall be obligated to reimburse Lender for reasonable attorney's fees and court costs paid by the Lender in any such suit.

**3. PREPAYMENT PRIVILEGE.** The principal amount due on this Note may be prepaid by the Borrower, in whole or in part at any time, without penalty, per the terms hereinafter stated.

In the event that the project, as referenced above, has not been completed at the time the Borrower seeks to prepay the loan, prepayment interest shall be calculated as follows:

In the event that the total principal is paid within one month of the execution of this note, no interest shall be due. In the event that the total principal is paid within 60 days of the execution of this note, the total interest due shall be FIVE THOUSAND DOLLARS ($5,000.00). In the event that the total principal is paid within 90 days of the execution of this note, the total interest due shall be TEN THOUSAND DOLLARS ($10,000.00). In the event that the total principal is paid within 120 days of the execution of this note, the total interest due shall be FIFTEEN THOUSAND DOLLARS ($15,000.00). In the event that the total principal is paid within 150 days of the execution of this note, the total interest due shall be TWENTY THOUSAND DOLLARS ($20,000.00). In the event that the total principal is paid within 180 days of the execution of this note, the total

EXHIBIT

C

interest due shall be TWENTY FIVE THOUSAND DOLLARS ($25,000.00). In the event that the total principal is paid within 210 days of the execution of this note, the total interest due shall be THIRTY THOUSAND DOLLARS ($30,000.00). In the event that the total principal is paid within 240 days of the execution of this note, the total interest due shall be THIRTY FIVE THOUSAND DOLLARS ($35,000.00). In the event that the total principal is paid within 270 days of the execution of this note, the total interest due shall be FORTY THOUSAND DOLLARS ($40,000.00). In the event that the total principal is paid within 300 days of the execution of this note, the total interest due shall be FORTY FIVE THOUSAND DOLLARS ($45,000.00). In the event that the total principal is paid on the 301st day, or after, subsequent to the execution of this note, the total interest due shall be FIFTY THOUSAND DOLLARS ($50,000.00), as referenced in paragraph 1 of this note.

In the event that the project, as referenced above, has been completed at the time the Borrower seeks to prepay the loan, prepayment interest shall be calculated as follows:

Total interest due shall be FIFTY THOUSAND DOLLARS ($50,000.00), as referenced in paragraph 1 of this note.

4. **NOTE PAYABLE IN U.S. DOLLARS.** Principal, interest, and charges are payable in lawful money of the United States.

5. **ENTIRE AGREEMENT.** This Agreement and attached Personal Guaranty shall constitute the entire agreement between the parties. Any prior understanding or representation of any kind preceding the date of this Agreement and attached Personal Guaranty shall not be binding upon either party except to the extent incorporated in this Agreement and attached Personal Guaranty. The parties further acknowledge that Lender will file and hold a Mortgage against the condominium project to secure the debt.

6. **EFFECT OF PARTIAL INVALIDITY.** The invalidity of any portion of this Agreement will not and shall not be deemed to affect the validity of any other provision. In the event that any provision of this Agreement is held to be invalid, the parties agree that the remaining provisions shall be deemed to be in full force and effect as if they had been executed by both parties subsequent to the expungement of the invalid provision.

7. **GOVERNING LAW, BINDING EFFECT, JURISDICTION AND VENUE.** This Agreement and the interpretation and enforcement of the same shall be governed by and construed in accordance with the laws of the State of Illinois and shall be binding upon, inure to the benefit of, and be enforceable by the parties hereto as well as their respective heirs, personal representatives, successors and assigns.

Subscribed and sworn to
before me this 18
day of November, 2005.

_____
Notary Public

Borrower: Marquez Builders, Inc.

By: _____

Title: CEO

"OFFICIAL SEAL."
Jesus A. Breceda
Notary Public, State of Illinois
My Commission Exp. 10/20/2009

JUL-25-2005 11:30 AM  GOTZNOS SUBS                    7847124060510       P. 01

Jul.19. 2005 12:30PM    GARDI AND ASSOCIATES                    No.4261   P. 4

A PERSONAL GUARANTY IS ATTACHED
HERETO AND IS INCORPORATED HEREIN


PERSONAL GUARANTY


For valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and as an inducement to Lender to loan the above-referenced monies to Borrower, the undersigned, Mitesh Patel and Romeo Insco, who have ownership interest in the Borrower, ("Guarantors") hereby unconditionally and personally guarantees to Lender, subject to the terms and conditions of this Guaranty, prompt payment of the monies owned to the Guaranty per the attached promissory note.


Notwithstanding anything in this Guaranty to the contrary, Guarantors' maximum limit of liability hereunder (hereinafter the "Guaranty Balance") shall be reduced dollar for dollar for any and all principal payments made by Borrower ("Obligor") to Lender pursuant to the promissory note, and/or payments made by Guarantors to Lender, such that this Guaranty shall terminate when the cumulative total amounts paid by the Obligor to Lender and or total amounts paid by the Guarantor to Lender, equals or exceeds the Guaranty Balance to zero.


The undersigned hereby unconditionally, absolutely, and irrevocable guarantees to Lender as follows:

a. If the Obligor fails to pay any liability, obligation and/or indebtedness to Lender, whether direct or indirect, joint of several, absolute or contingent, secured or unsecured, matured or unmatured, and whether originally contracted with or otherwise by Lender, as same becomes due, or otherwise fails to perform any obligation under the promissory note, the Guarantor agrees to pay on demand the entire indebtedness and all losses, costs, attorney's fees and expenses which may be suffered by Lender by reason of the Obligor's default.

b. The undersigned agrees to pay any and all costs or fees of collection incurred by Lender, including, without limitation, reasonable attorneys' fees for consultation, preparing demand letters, or bringing any action for collection or for enforcement of the promissory note.

c. This Guaranty shall be the primary obligation of the undersigned. The undersigned agrees that Lender may proceed under any one or more of the promissory note provisions of this Guaranty separately or collectively without prejudicing or waiving any of its rights under any of the other provisions of the promissory note or this Guaranty.

d. This Guaranty is binding on the undersigned and its personal representatives, successors, and assigns and shall inure to the benefit of Lender and its successors and assigns. This is a continuing Guaranty and a personal Guaranty, and notice of its acceptance is waived.


Guarantor agrees that Lender may bring any legal proceedings it deems necessary to enforce any or all of such Guarantor's obligations hereunder in any court in the State in which

Lender's office administering the indebtedness is located; and service of process may be made
upon such Guarantor by mailing a copy of the summons and complaint to such Guarantor at its
address last known to Lender. All rights and remedies of Lender's are cumulative and not
alternative. Each provision of this Guaranty is intended to be severable. Any term or provision
hereof declared to be contrary to, prohibited by or invalid under applicable laws or regulations
shall be inapplicable and deemed omitted herefrom, but shall not invalidate the remaining terms
and provisions hereof.

EXECUTED this _____ day of _____, 2004.

By: _____
    Mitesh Patel

By: _____
    Romeo Iusco

Each of the above subscribed and sworn to
before me on this 2 day of July, 2005.

_____
Notary Public

"OFFICIAL SEAL"
MAYORI BAHENA
Notary Public, State of Illinois
My Commission Expires April 02, 2008

PROMISSORY NOTE

**$20,000**

Date:_____

Illinois

**1.   BORROWER'S PROMISE TO PAY PRINCIPAL AND INTEREST.** For value received, the undersigned Marquee Builders, Inc., ("Borrower") promises to pay to Kanti Ravani ("Lender"), the principal sum of TWENTY THOUSAND DOLLARS ($20,000), with interest from the date hereof in the amount of TEN THOUSAND DOLLARS ($10,000), for a total payment of THIRTY THOUSAND DOLLARS ($30,000) payable in a single payment, on or before November 15, 2006.  As known to Lender, the loan, as referenced above, will be used, inter alia, to purchase property for renovation (the construction of condominiums).  Said property will be deeded to a Limited Liability Company (to be formed), to which Limited Liability Company, Lender will be named a member.

**2.   DEFAULT BY BORROWER AND LATE CHARGE.** Should default be made in the payment when due, the undersigned agrees (a) to pay immediately, without demand, to the holder, an amount equal to the equivalent of three percent (3%) of the total amount owing; (b) that it would be impractical or extremely difficult to fix the holder's actual damages in the event that payment is not be paid when due; and (c) that such amount(s) shall be presumed to be the amount of damages for such late payment.

**3.   PREPAYMENT PRIVILEGE.** The principal amount due on this Note may be prepaid in whole or in part at any time, without penalty.

**4.   NOTE PAYABLE IN U.S. DOLLARS.** Principal, interest, and charges are payable in lawful money of the United States.

**5.   ENTIRE AGREEMENT.**  This Agreement shall constitute the entire agreement between the parties.  Any prior understanding or representation of any kind preceding the date of this Agreement shall not be binding upon either party except to the extent incorporated in this Agreement.

**6.   EFFECT OF PARTIAL INVALIDITY.**  The invalidity of any portion of this Agreement will not and shall not be deemed to affect the validity of any other provision.  In the event that any provision of this Agreement is held to be invalid, the parties agree that the remaining provisions shall be deemed to be in full force and effect as if they had been executed by both parties subsequent to the expungement of the invalid provision.

**7.   GOVERNING LAW, BINDING EFFECT, JURISDICTION AND VENUE.**   This Agreement and the interpretation and enforcement of the same shall be governed by and construed in accordance with the laws of the State of Illinois and shall be binding upon, inure to the benefit of, and be enforceable by the parties hereto as well as their respective heirs, personal representatives, successors and assigns.

Subscribed and sworn to
before me this   17th
day of  August   , 2005.

_____
Notary Public

Borrower: Marquee Builders, Inc.

By:_____

Title:   CFO

"OFFICIAL SEAL"
MAJDA YOUSIF
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 1/9/2006

**EXHIBIT**

**D**

# PROMISSORY NOTE

$25,000

Date: 6/8/05

Illinois

**1. BORROWER'S PROMISE TO PAY PRINCIPAL AND INTEREST.** For value received, the undersigned Marquee Builders, Inc., ("Borrower") promises to pay to Anand Shah ("Lender"), the principal sum of TWENTY FIVE THOUSAND DOLLARS ($25,000), with interest from the date hereof in the amount of TWELVE THOUSAND, FIVE HUNDRED DOLLARS ($12,500), for a total payment of THIRTY SEVEN THOUSAND, FIVE HUNDRED DOLLARS ($37,500) payable in a single payment, on or before November 15, 2006. As known to Lender, the loan, as referenced above, will be used, inter alia, to purchase property for renovation (the construction of condominiums). Said property will be deeded to a Limited Liability Company (to be formed), to which Limited Liability Company, Lender will be named a member.

**2. DEFAULT BY BORROWER AND LATE CHARGE.** Should default be made in the payment when due, the undersigned agrees (a) to pay immediately, without demand, to the holder, an amount equal to the equivalent of three percent (3%) of the total amount owing; (b) that it would be impractical or extremely difficult to fix the holder's actual damages in the event that payment is not be paid when due; and (c) that such amount(s) shall be presumed to be the amount of damages for such late payment.

**3. PREPAYMENT PRIVILEGE.** The principal amount due on this Note may be prepaid in whole or in part at any time, without penalty.

**4. NOTE PAYABLE IN U.S. DOLLARS.** Principal, interest, and charges are payable in lawful money of the United States.

**5. ENTIRE AGREEMENT.** This Agreement shall constitute the entire agreement between the parties. Any prior understanding or representation of any kind preceding the date of this Agreement shall not be binding upon either party except to the extent incorporated in this Agreement.

**6. EFFECT OF PARTIAL INVALIDITY.** The invalidity of any portion of this Agreement will not and shall not be deemed to affect the validity of any other provision. In the event that any provision of this Agreement is held to be invalid, the parties agree that the remaining provisions shall be deemed to be in full force and effect as if they had been executed by both parties subsequent to the expungement of the invalid provision.

**7. GOVERNING LAW, BINDING EFFECT, JURISDICTION AND VENUE.** This Agreement and the interpretation and enforcement of the same shall be governed by and construed in accordance with the laws of the State of Illinois and shall be binding upon, inure to the benefit of, and be enforceable by the parties hereto as well as their respective heirs, personal representatives, successors and assigns.

Subscribed and sworn to
before me this 9th day of _____
day of _____ 2005.

"OFFICIAL SEAL"
Benedith Mejia
Notary Public, State of Illinois
Cook County
My Commission Expires 12-06-2008

Borrower: Marquee Builders, Inc.

By: _____

Title: Treasurer

EXHIBIT
E

Date:_____

$50,000                                          Illinois

    1. BORROWER'S PROMISE TO PAY PRINCIPAL AND INTEREST. For value received, the undersigned Marquee Builders, Inc., ("Borrower") promises to pay to Annama Matthew ("Lender"), the principal sum of FIFTY THOUSAND DOLLARS ($50,000.00), with interest from the date hereof in the amount of TWELVE THOUSAND, FIVE HUNDRED DOLLARS ($12,500.00), for a total payment of SIXTY TWO THOUSAND, FIVE HUNDRED DOLLARS ($62,500.00) payable in a single payment, on or before August 15, 2006.

    2. DEFAULT BY BORROWER AND LATE CHARGE. Should default be made in the payment when due, the undersigned agrees (a) to pay immediately, without demand, to the holder, an amount equal to the equivalent of three percent (3%) of the total amount owing; (b) that it would be impractical or extremely difficult to fix the holder's actual damages in the event that payment is not be paid when due; and (c) that such amount(s) shall be presumed to be the amount of damages for such late payment.

    3. PREPAYMENT PRIVILEGE. The principal amount due on this Note may be prepaid in whole or in part at any time, without penalty.

    4. NOTE PAYABLE IN U.S. DOLLARS. Principal, interest, and charges are payable in lawful money of the United States.

    5. ENTIRE AGREEMENT. This Agreement shall constitute the entire agreement between the parties. Any prior understanding or representation of any kind preceding the date of this Agreement shall not be binding upon either party except to the extent incorporated in this Agreement. The parties acknowledge that Lender will file and hold a Mortgage against the personal residence of Romeo Iusco to secure the debt.

    6. EFFECT OF PARTIAL INVALIDITY. The invalidity of any portion of this Agreement will not and shall not be deemed to affect the validity of any other provision. In the event that any provision of this Agreement is held to be invalid, the parties agree that the remaining provisions shall be deemed to be in full force and effect as if they had been executed by both parties subsequent to the expungement of the invalid provision.

    7. GOVERNING LAW, BINDING EFFECT, JURISDICTION AND VENUE. This Agreement and the interpretation and enforcement of the same shall be governed by and construed in accordance with the laws of the State of Illinois and shall be binding upon, inure to the benefit of, and be enforceable by the parties hereto as well as their respective heirs, personal representatives, successors and assigns.

Subscribed and sworn to
before me this _1st_
day of _August_, 2005.


_Frances Taormina_
Notary Public

Borrower: Marquee Builders, Inc.

By: _Romeo Iusco_

Title: _Owner_

OFFICIAL SEAL
FRANCES TAORMINA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/08/08

EXHIBIT

F

**MORTGAGE (ILLINOIS)**

Mail to:
**Gardi & Haught**
**1450 E. American Lane, Suite 1400**
**Schaumburg, IL  60173**

THIS AGREEMENT, made this _____ Day of _____, 2005 between, Annama Matthew, herein referred to as "Mortgagee," and Romeo Iusco, of 3536 North Lincoln Avenue, Chicago, IL, 60657, hereinafter referred to as "Mortgageor", witnesseth:

THAT WHEREAS the Mortgagors are justly indebted to the Mortgagee upon a promissory note dated _____, in the principal sum of FIFTY THOUSAND DOLLARS ($50,000.00), payable to the order of and delivered to the Mortgagee, in and by which note, the Mortgagors promise to pay the said principal sum and interest at the rate and as provided in said note, with a final payment of the balance due on the 15th day of August, 2006, and all of said principal and interest are made payable at such place as the holders of the note may, from time to time, in writing appoint, and in absence of such appointment, then at the office of the Mortgagee at

_____

NOW, THEREFORE, the Mortgagors to secure the payment of the said principal sum of money and said interest in accordance with the terms, provisions and limitations of this mortgage, and the performance of the covenants and agreements herein contained, by the Mortgagors to be performed, and also in consideration of the sum of One Dollar in hand paid, the receipt whereof is hereby acknowledged, do by these presents CONVEY AND WARRANT unto the Mortgagee, and the Mortgagee's successors and assigns, the following described Real Estate and all of their estate, right, title and interest therein, situate, lying and being in the City of Chicago, COUNTY of Cook, IN STATE OF ILLINOIS, to wit:

LOT 4 IN BLOCK 1 IN GROSS' NORTH ADDITION TO CHICAGO, BEING A SUBDIVISION OF THE SOUTHWESTERLY ½ OF THE EAST ½ OF THE SOUTHEAST ¼ OF SECTION 19, TOWNSHIP 40 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

which, with the property hereinafter described, is referred to herein as the "premises,"

P.I.N.   14-19-404-003-0000       Property Address: 3536 North Lincoln Avenue, Chicago, IL, 60657

TOGETHER with all improvements, tenements, easements, fixtures, and appurtenances thereto belonging, and all rents, issues and profits thereof for so long and during all such times as Mortgagors may be entitled thereto  (which are pledged primarily and on a parity with said real estate and not secondarily) and all apparatus, equipment or articles now or hereafter therein or thereon used to supply heat, gas, air conditioning, water, light, power, refrigeration (whether single units or centrally controlled), and ventilation, including (without restricting the foregoing), screens, window shades, storm doors and windows, floor coverings, inador beds, awnings, stoves and water heaters.  All of the foregoing are declared to be a part of said real estate whether physically attached thereto or not, and it is agreed that all

similar apparatus, equipment or articles hereafter placed on the premises of uses by Mortgagors or their successors or assigns shall be considered as constituting part of the real estate.

TO HAVE AND TO HOLD the premises unto the Mortgagee, and the Mortgagee's successors and assigns, forever, for the Purposes, and upon the uses herein set forth, free from all rights and benefits under and by virtue of the Homestead Exemption Laws of the State of Illinois, which said rights and benefits the Mortgagors do hereby expressly release and waive.

The Name of a record owner is: Romeo Iusco

This mortgage consists of two pages. The covenants, conditions and provisions appearing on pages 3 and 4 are incorporated herein by reference and are a part hereof and shall be binding on Mortgagors, their heirs, successors and assigns.

Witness the hand . . . and seal . . . of Mortgagors the day and year first above written.

_____(SEAL)
Romeo Iusco

STATE OF ILLINOIS, COUNTY OF Cook SS

The undersigned, a Notary Public in and for said County in the State aforesaid, DO HEREBY CERTIFY that Romeo Iusco, is personally known to me to be the same person(s) whose name(s) are subscribed to the forgoing instrument, appeared before me this day in person, and acknowledged that they signed, sealed and delivered the said instrument as their free and voluntary act, for the uses and purposes therein set forth, including the release waiver of the right of homestead.

Given under my hand and official seal this ____ 8-01 ____, 2005

_____
Notary Public

```
OFFICIAL SEAL
FRANCES TAORMINA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/08/08
```

THIS INSTRUMENT PREPARED BY: Gardi & Haught, Ltd. 1450 E. American Lane, Ste. 1400, Schaumburg, IL 60173



EXHIBIT

H

**ASSIGNMENT OF NOTE**

FOR VALUE RECEIVED, the undersigned, as holder of a certain Promissory

Note dated August 17, 2005 made by MARQUEE BUILDERS, INC., hereby

assigns all right, title and interest in said note to ALEX JOHNSON.


Dated: ___11 | 16 | 08_____


_Kanti Ravani_____
**KANTI RAVANI**

EXHIBIT
Group
I

## ASSIGNMENT OF NOTE

FOR VALUE RECEIVED, the undersigned, as holder of a certain Promissory

Note dated July 26, 2005 made by MARQUEE BUILDERS, INC., hereby assigns

all right, title and interest in said note to ALEX JOHNSON.


Dated: __Nov. 17, 2008_____


_____
PHILLIP DESAI

Page 1 of 1

## ASSIGNMENT OF NOTE

FOR VALUE RECEIVED, the undersigned, as holder of a certain Promissory

Note dated June 7, 2005 made by MARQUEE BUILDERS, INC., hereby assigns

all right, title and interest in said note to ALEX JOHNSON.

Dated: 11-16-2008

YASHWANT PATEL

### ASSIGNMENT OF NOTE

FOR VALUE RECEIVED, the undersigned, as holder of a certain Promissory

Note dated June 8, 2005 made by MARQUEE BUILDERS, INC., hereby assigns

all right, title and interest in said note to ALEX JOHNSON.


Dated: _____11/18/08_____

ANAND SHAH

Doc#:  0815749015 Fee: $38.50
Eugene "Gene" Moore RHSP Fee:$10.00
Cook County Recorder of Deeds
Date: 06/05/2008 10:46 AM Pg:  1 of 2

IN THE CIRCUIT COURT
OF COOK COUNTY, ILLINOIS

| | |
|---|---|
| YASHWANT PATEL | ) |
| JAYENDRA PATEL | ) |
| PHILLIP DESAI | ) |
| MUKESH SHARMA | ) |
| ANAND SHAH | ) |
| KANTI RAVANI | ) |
| ANN MATTHEW | ) |
| ALEX JOHNSON | ) |
| MITESH PATEL | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | )   Case No.: |
| ROMEO IUSCO | ) |
| MONICA IUSCO | ) |
| 3643 ASHLAND, LLC | ) |
| 3536 NORTH LINCOLN, L.L.C. | ) |
| 5121 NORTH KENMORE, L.L.C. | ) |
| 7247 NORTH CLAREMONT, L.L.C. | ) |
|     Defendant. | ) |

LIS PENDENS NOTICE

I, the undersigned, do hereby certify that the above entitled cause was filed in the

Circuit Court of Cook County on the _____ day of June, 2008 and is

now pending in the court and that the property affected by the cause is described as

follows:

SEE ATTACHED LEGAL DESCRIPTION
STREET ADDRESS:      7247 N. CLAREMONT, CHICAGO, IL 60645
P.I.N.      11-30-319-003-0000

ATTORNEY FOR PLAINTIFFS
David Gearhart
Advantage Law Group, Ltd.
1933 N. Meacham Rd. #110
Schaumburg, IL 60173
847-303-5275 Phone
847-303-5276 Fax
Attorney No.: 39893

## LEGAL DESCRIPTION

THE NORTH 25 FEET OF LOT 20 AND LOT 21 (EXCEPT THE NORTH 35 FEET THEREOF) IN CONGDON'S RIDGE ADDITION TO ROGER'S PARK A SUBDIVISION OF THE SOUTH 50 ACRES IN THE SOUTHWEST FRACTIONAL 1/4 OF SECTION 30, TOWNSHIP 41 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

STREET ADDRESS:   7247 N. CLAREMONT, CHICAGO, IL 60645
P.I.N.            11-30-319-003-0000

(i)    The names of all plaintiffs, defendants and the case number are set forth above.
(ii)   The court in which the action was brought is set forth above.
(iii)  The name of the record title holder is 7247 NORTH CLAREMONT, L.L.C.
(iv)   The legal description is set forth above.
(v)    The common address of the property is 7247 N. CLAREMONT, CHICAGO, IL 60645.

The undersigned further certifies pursuant to 735 ILCS 5/15-1218:
(a)    The name and address of the party plaintiffs making said claim are set forth above.
(b)    The said plaintiffs claim an interest in the said real estate.
(c)    The nature of this claim is constructive trust.
(d)    The names of the persons against who said claim is made is ROMEO IUSCO, MONICA IUSCO and 7247 NORTH CLAREMONT, L.L.C.
(e)    The legal description of the property appears above.
(f)    The name and address of the person executing this Notice appears below.
(g)    The name and address of the person who prepared this Notice appears below.


ATTORNEY FOR PLAINTIFFS
David Gearhart
Advantage Law Group, Ltd.
1933 N. Meacham Rd. #110
Schaumburg, IL 60173
847-303-5275 Phone
847-303-5276 Fax
Attorney No.: 39893

IN THE CIRCUIT COURT
OF COOK COUNTY, ILLINOIS

YASHWANT PATEL                    )
JAYENDRA PATEL                    )
PHILLIP DESAI                     )
MUKESH SHARMA                     )
ANAND SHAH                        )
KANTI RAVANI                      )
ANN MATTHEW                       )
ALEX JOHNSON                      )
MITESH PATEL                      )
    Plaintiffs,              )
                                  )
v.                                )          Case No.:
                                  )
ROMEO IUSCO                       )
MONICA IUSCO                      )
3643 ASHLAND, LLC                 )
3536 NORTH LINCOLN, L.L.C.        )
5121 NORTH KENMORE, L.L.C.        )
7247 NORTH CLAREMONT, L.L.C.      )
    Defendant.               )

## LIS PENDENS NOTICE

I, the undersigned, do hereby certify that the above entitled cause was filed in the

Circuit Court of Cook County on the _____ day of June, 2008 and is

now pending in the court and that the property affected by the cause is described as

follows:

SEE ATTACHED LEGAL DESCRIPTION
STREET ADDRESS:        3536 N. LINCOLN, CHICAGO, IL 60657
P.I.N.                 14-19-404-003-0000

_David Gearhart_

ATTORNEY FOR PLAINTIFFS
David Gearhart
Advantage Law Group, Ltd.
1933 N. Meacham Rd. #110
Schaumburg, IL 60173
847-303-5275 Phone
847-303-5276 Fax
Attorney No.: 39893

Doc#: 0815749016 Fee: $38.50
Eugene "Gene" Moore RHSP Fee:$10.00
Cook County Recorder of Deeds
Date: 06/05/2008 10:46 AM Pg: 1 of 2

## LEGAL DESCRIPTION

LOT 4 IN BLOCK 1 IN GROSS NORTH ADDITION TO CHICAGO, BEING A SUBDIVISION OF THE SOUTHWESTERLY ½ OF THE EAST ½ OF THE SOUTH EAST ¼ OF SECTION 19, TOWNSHIP 40 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

STREET ADDRESS:      3536 N. LINCOLN, CHICAGO, IL 60657
P.I.N.                          14-19-404-003-0000

(i)      The names of all plaintiffs, defendants and the case number are set forth above.
(ii)     The court in which the action was brought is set forth above.
(iii)    The name of the record title holder is 3536 NORTH LINCOLN, L.L.C.
(iv)     The legal description is set forth above.
(v)      The common address of the property is 3536 NORTH LINCOLN, CHICAGO, IL 60657.

The undersigned further certifies pursuant to 735 ILCS 5/15-1218:
(a)      The name and address of the party plaintiffs making said claim are set forth above.
(b)      The said plaintiffs claim an interest in the said real estate.
(c)      The nature of this claim is constructive trust.
(d)      The names of the persons against who said claim is made is ROMEO IUSCO, MONICA IUSCO and 3536 NORTH LINCOLN, L.L.C.
(e)      The legal description of the property appears above.
(f)      The name and address of the person executing this Notice appears below.
(g)      The name and address of the person who prepared this Notice appears below.


_David Gearhart_ (signature)

ATTORNEY FOR PLAINTIFFS
David Gearhart
Advantage Law Group, Ltd.
1933 N. Meacham Rd. #110
Schaumburg, IL 60173
847-303-5275 Phone
847-303-5276 Fax
Attorney No.: 39893



Doc#:  0815749017 Fee: $38.50
Eugene "Gene" Moore RHSP Fee:$10.00
Cook County Recorder of Deeds
Date: 06/05/2008 10:46 AM Pg:  1 of 2

**IN THE CIRCUIT COURT**
**OF COOK COUNTY, ILLINOIS**

YASHWANT PATEL                          )
JAYENDRA PATEL                          )
PHILLIP DESAI                           )
MUKESH SHARMA                           )
ANAND SHAH                              )
KANTI RAVANI                            )
ANN MATTHEW                             )
ALEX JOHNSON                            )
MITESH PATEL                            )
    Plaintiffs,                      )
                                        )
    v.                               )        Case No.:
                                        )
ROMEO IUSCO                             )
MONICA IUSCO                            )
3643 ASHLAND, LLC                       )
3536 NORTH LINCOLN, L.L.C.              )
5121 NORTH KENMORE, L.L.C.              )
7247 NORTH CLAREMONT, L.L.C.            )
    Defendant.                       )

**LIS PENDENS NOTICE**

I, the undersigned, do hereby certify that the above entitled cause was filed in the

Circuit Court of Cook County on the _____ day of June, 2008 and is

now pending in the court and that the property affected by the cause is described as

follows:

SEE ATTACHED LEGAL DESCRIPTION
STREET ADDRESS:    3641-43 N. ASHLAND, CHICAGO, IL 60613
P.I.N.    14-20-119-007-0000 & 14-20-119-008-0000

*David Gearhart*

ATTORNEY FOR PLAINTIFFS
David Gearhart
Advantage Law Group, Ltd.
1933 N. Meacham Rd. #110
Schaumburg, IL 60173
847-303-5275 Phone
847-303-5276 Fax
Attorney No.:  39893

## LEGAL DESCRIPTION

PARCEL 1: LOT 7 IN BLOCK 1 IN SICKEL'S AND HUFMETER'S ADDITION TO LANE PARK, A SUBDIVISION OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF THE NORTHWEST 1/4 OF SECTION 20, TOWNSHIP 40 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS (EXCEPT THAT PART THEREOF DEEDED TO THE CITY OF CHICAO FOR STREET BY DOCUMENT 10426504) IN COOK COUNTY, ILLINOIS.

PARCEL 2: LOT 8 (EXCEPT THAT PART CONVEYED TO THE CITY OF CHICAGO BY QUIT CLAIM DEED DATED AUGUST 2, 1929, AND RECORDED SEPTEMBER 17, 1929 AS DOCUMENT 10481340) IN BLOCK 1 IN SICKEL AND HUFMETER'S ADDITION TO LANE PARK OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF THE NORTHWEST 1/4 OF SECTION 20, TOWNSHIP 40 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

STREET ADDRESS:      3641-43 N. ASHLAND, CHICAGO, IL 60613
P.I.N.               14-20-119-007-0000 & 14-20-119-008-0000

(i)     The names of all plaintiffs, defendants and the case number are set forth above.
(ii)    The court in which the action was brought is set forth above.
(iii)   The name of the record title holder is 3643 ASHLAND LLC
(iv)    The legal description is set forth above.
(v)     The common address of the property is 3641-43 N. ASHLAND, CHICAGO, IL 60613.

The undersigned further certifies pursuant to 735 ILCS 5/15-1218:
(a)     The name and address of the party plaintiffs making said claim are set forth above.
(b)     The said plaintiffs claim an interest in the said real estate.
(c)     The nature of this claim is constructive trust.
(d)     The names of the persons against who said claim is made is ROMEO IUSCO, MONICA IUSCO and 3643 ASHLAND LLC.
(e)     The legal description of the property appears above.
(f)     The name and address of the person executing this Notice appears below.
(g)     The name and address of the person who prepared this Notice appears below.


_David Gearhart_

ATTORNEY FOR PLAINTIFFS
David Gearhart
Advantage Law Group, Ltd.
1933 N. Meacham Rd. #110
Schaumburg, IL 60173
847-303-5275 Phone
847-303-5276 Fax
Attorney No.: 39893



Doc#: 0815749018 Fee: $38.50
Eugene "Gene" Moore RHSP Fee:$10.00
Cook County Recorder of Deeds
Date: 06/05/2008 10:46 AM Pg: 1 of 2

IN THE CIRCUIT COURT
OF COOK COUNTY, ILLINOIS

YASHWANT PATEL            )
JAYENDRA PATEL            )
PHILLIP DESAI             )
MUKESH SHARMA             )
ANAND SHAH                )
KANTI RAVANI              )
ANN MATTHEW               )
ALEX JOHNSON              )
MITESH PATEL              )
        Plaintiffs,       )
                          )
    v.                    )      Case No.:
                          )
ROMEO IUSCO               )
MONICA IUSCO              )
3643 ASHLAND, LLC         )
3536 NORTH LINCOLN, L.L.C.      )
5121 NORTH KENMORE, L.L.C.      )
7247 NORTH CLAREMONT, L.L.C.    )
        Defendant.        )

## LIS PENDENS NOTICE

I, the undersigned, do hereby certify that the above entitled cause was filed in the

Circuit Court of Cook County on the _____ day of June, 2008 and is

now pending in the court and that the property affected by the cause is described as

follows:

SEE ATTACHED LEGAL DESCRIPTION
STREET ADDRESS:     5121 N. KENMORE, CHICAGO, IL 60640
P.I.N.              14-08-402-003-0000


ATTORNEY FOR PLAINTIFFS
David Gearhart
Advantage Law Group, Ltd.
1933 N. Meacham Rd. #110
Schaumburg, IL 60173
847-303-5275 Phone
847-303-5276 Fax
Attorney No.: 39893

## LEGAL DESCRIPTION

LOT 3 IN BLOCK 3 IN ARGYLE SUBDIVISION, A SUBDIVISION OF LOTS 1 AND 2 OF FUSSEY AND FENNIMORE'S SUBDIVISION OF THE SOUTHEAST FRACTIONAL 1/4 AND LOTS 1 AND 2 OF COLEHOUR AND CONARROE'S SUBDIVISION OF LOT 3 IN FUSSEY AND FENNIMORE'S SUBDIVISION SECTION 8, TOWNSHIP 40 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

STREET ADDRESS:    5121 N. KENMORE, CHICAGO, IL 60640
P.I.N.    14-08-402-003-0000

(i)    The names of all plaintiffs, defendants and the case number are set forth above.
(ii)    The court in which the action was brought is set forth above.
(iii)    The name of the record title holder is 5121 NORTH KENMORE, L.L.C.
(iv)    The legal description is set forth above.
(v)    The common address of the property is 5121 N. KENMORE, CHICAGO, IL 60640

The undersigned further certifies pursuant to 735 ILCS 5/15-1218:
(a)    The name and address of the party plaintiffs making said claim are set forth above.
(b)    The said plaintiffs claim an interest in the said real estate.
(c)    The nature of this claim is constructive trust.
(d)    The names of the persons against who said claim is made is ROMEO IUSCO, MONICA IUSCO and 5121 NORTH KENMORE, L.L.C.
(e)    The legal description of the property appears above.
(f)    The name and address of the person executing this Notice appears below.
(g)    The name and address of the person who prepared this Notice appears below.

*David Gearhart*

ATTORNEY FOR PLAINTIFFS
David Gearhart
Advantage Law Group, Ltd.
1933 N. Meacham Rd. #110
Schaumburg, IL 60173
847-303-5275 Phone
847-303-5276 Fax
Attorney No.: 39893