IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ROMEO IUSCO and MONICA IUSCO | ) | Case No. 09-41945 |
| | ) | |
| Debtors and Debtors in Possession. | ) | Honorable Judge Jacqueline Cox |
| | ) | |
| | ) | |

**DEBTORS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
OBJECTION TO PROOF OF CLAIMS NOS. 20 THROUGH 23**

NOW COME the Debtors and Debtors in Possession, ROMEO and MONICA IUSCO (the "Debtors") by and through their attorneys, Forrest L. Ingram, P.C., and for their **Memorandum in Support of Their Objection to Proof of Claims Nos. 20 through 23**, states as follows:

FACTUAL BACKGROUND

On November 5, 2010, (the "Petition Date"), the Debtors filed their petition for relief under chapter 11 of the United States Bankruptcy Code. Upon the filing of the bankruptcy, counsel for the purported creditors for proof of claims numbered 20 through 23 (hereinafter, "Teplinsky Claimants") were sent a notice of the bankruptcy filing and Official Form 10 with a warning that, "if your claim is listed as disputed, contingent, or unliquidated, then you must file a Proof of Claim or you might not be paid any money on your claim and may be unable to vote on a plan." *See* **Docket No. 10** and attached here to as **Exhibit A**, pg. 2, "Claims".

On February 2, 2010, counsel for the Teplinsky Claimants appeared in the case and filed a Third-Party Complaint.[1] On February 23, 2010, the Court heard the Debtors' motion to set the

---

[1] Counsel for the Debtor is unsure what the Third-Party Complaint is and why it was filed but Counsel for the Teplinsky Claimants represented that it is an Adversary complaint. This filing does not conform to Federal Bankruptcy Rule 7001 *et. seq.* and the Debtors are unaware of the pendency of any action against them. As such, the court should strike the filing of February 2, 2010, *nunc pro tunc*.

last day to file non-governmental claims against the Debtors' estate ("Bar Date").  The Order entered ("Bar Date Order") also provided that any person or entity may file a claim against the estate on or before April 5, 2010.  The Bar Date Order further stated that a failure to file a proof of claim before April 5, 2010 would result in the claim being forever barred and the untimely claimant would not receive a distribution from the estate.  *See* **Docket No. 51** "Order Setting Time to File Claims," attached here to as **Exhibit B**.  The Clerk of the Bankruptcy Court sent the Bar Date Order to counsel for the Teplinsky Claimants via ECF and the Debtors sent it to counsel for the Teplinsky Claimants via First Class US Mail on March 1, 2010.  *See* **Docket Nos. 51 – 52** and **Exhibits B and C**.  The Debtors did not receive any return mail from the addresses of the Teplinsky Claimants.

On April 6 – 7, 2010, the Teplinsky Claimants untimely filed their proofs of claims against the Debtors.  *See* **Claims Nos. 20 through 23**.  The untimely proofs of claims do not seek to extend the time to file the proofs of claims and in fact, the Teplinsky Claimants have never sought to extend the time to file their proofs of claim.  Shortly after the untimely proof of claims were filed, the Debtor objected to the Teplinsky Claimants' proof of claims. *See* **Docket Nos. 61 through 63.**

LEGAL ARGUMENT

I. **THE DEBTORS' OBJECTIONS TO THE TEPLINSKY CLAIMANTS' PROOFS OF CLAIMS SHOULD BE SUSTAINED BECAUSE THE CLAIMS WERE FILED LATE WITHOUT AN EXTENSION**

The Teplinsky Claimants failed to conform to the Bar Order of February 23, 2010, and as such their claims should be disallowed.  Both the Clerk and counsel for the Debtors sent the Bar Date Order to the Teplinsky Claimants' attorney and his failure to act upon the deadlines, without filing a motion to extend pursuant to Fed. R. Bank. Pro. Rule 9006, requires the

4

disallowance of their claims. The Teplinsky Claimants should be estopped from voting on the chapter 11 plan or collecting any disbursements from the chapter 11 estate due to their dilatory behavior.

It is well-settled law that any creditor who fails to file a proof of claim in the time allotted shall not be treated as a creditor for purposes of voting and distribution. Fed. R. Bankr. Pro. R. 3001 *et. seq.*; *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 382 (1993); *In re Kmart Corp., et. al.,* 381 F.3d 709, 43 Bankr. Ct. Dec. 144 (7th Cir. 2004); *In re J.S. II, LLC et. al*, 397 B.R. 383; 49 Bankr. Ct. Dec. 152 (Bankr. Ct. N.D. Ill. 2008). This is true even if the claim is filed one-day late. *See, In re Kmart Corp*, 381 F.3d 709. As this Honorable Court has held, "the court sets bar dates for creditors to file proofs of claims. These dates are integral to the bankruptcy case, allowing efficient administration of the case and effective resolution of disputes. Proof of claims filed after the bar date disrupt the orderly administration of the estate and are generally disallowed." *In re J.S. II, et. al.*, 389 B.R. 563, 566, 49 Bankr. Ct. Dec. 274 (Bankr. Ct. N.D. Ill. 2008)(internal citations omitted).

In certain instances the Court may extend the deadline for filing proofs of claims but a party in interest must request such an extension in writing pursuant to Fed R. Bankr. Pro. Rule 9006(b).[2] *See Pioneer Inv. Servs. Co.* 507 U.S. 380 (1993). Included in its motion, the movant must articulate why the "failure to act was the result of excusable neglect."[3] Fed. R. Bankr. Pro.

---

[2] Note that the legislature specifically requires "a motion" if the deadline has already passed, whereas if it is before the deadline, a court may extend the deadline "with or without motion". Fed. R. Bankr. Pro. Rule 9006(b).

[3] For a detailed look at the factors Courts must consider in a Motion to Extend the Time to File Objections to Claims pursuant to Fed. R. Bankr. Pro. Rule 9006(b) see *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 501 U.S. 380 (1993); *In re Kmart*, 381 F.3d 709, 43 Bankr. Ct. Dec. 144 (7th Cir. 2004)*;* and *In re J.S.II, et. al*., 389 B.R. 563, 49 Bankr. Ct. Dec. 274 (Bankr. Ct. N.D. Ill. 2008). (This Court found that the dilatory party must show, in writing: 1) there is no danger of prejudice to the debtor or other creditors in filing the claim late; 2) there is no prejudice due to the length of the delay and there is no negative impact on judicial proceedings; 3) the reason for the delay and whether the delay was within the reasonable control of the movant; and 4) whether

Rule 9006(b).  Since there is no pending motion to extend the time to file proofs of claims, and the Debtors filed a timely objection the Debtors' objection should be sustained and the Teplinsky Claimant's proof of claims numbered 20 through 23 should be disallowed.

WHEREFORE, the Debtor prays for an order disallowing Claim Nos. 20 through 23, filed by the Teplinsky Claimant's in their entirety as they were not timely filed and failed to conform to with Rule 3001(a), and for such other and further relief as is just and proper.

Respectfully Submitted,

/s/ Michael V. Ohlman\_\_\_
One of Debtor's Attorneys

Forrest L. Ingram #3129032
Michael V. Ohlman #6294512
Philip Groben #6299914
FORREST L. INGRAM P.C.
79 West Monroe, Suite 900
Chicago, Illinois 60603
(312) 759-2838

---

the movant acted in good faith.  *Id.* at 395.  The burden of proving each of these elements lies with the claimant.  *In re J.S. II, L.L.C. et. al.*, 397 B.R. 383, 386 (Bankr. Ct. N.D. Ill. 2008) *citing, In re National Steel Corp.*, 316 B.R. 510, 515 (Bankr. Ct. N.D. Ill. 2004).