**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Romeo & Monica Iusco | ) | Honorable Jacqueline P. Cox |
| | ) | |
| Debtors. | ) | Case No. 09-B-41945 |
| | ) | |
| | ) | Hearing: November 23, 2011 at 10:00 a.m. |

**MEMORANDUM IN SUPPORT   OF MOTION TO**
**ENTER A FINAL DECREE AND CLOSE THE BANKRUPTCY CASE**

NOW COMES Romeo and Monica Iusco ("Debtors"), by and through their attorneys

at Forrest L. Ingram, P.C., and in support of its Motion to Enter a Final Decree and Close

the Bankruptcy Case states as follows:

MEMORANDUM IN SUPPORT OF MOTION

On November 5, 2009, (the "Petition Date"), the Debtors filed their petition for relief

under Chapter 11 of the United States Bankruptcy Code.  On November 6, 2011, the Clerk

of the Bankruptcy Court mailed notice of the § 341 meeting.  All creditors were notified of

this date. **See Docket No. 4.**  On December 7, 2009, the Debtors amended Schedule F and

included Mr. Paul Minar as an undisputed, liquidated creditor in the amount of $150,000.

**See Docket No. 22**.  The Debtor listed Mr. Minar's address as 1249 North Greenview Ave.

#3, Chicago, Illinois 60642, the same address found on the check tendered to Mr. Iusco on

August 16, 2007.  **See Claims Registry, No. 26-1 page 4**.  While the Debtors had Mr.

Minar's correct address listed in the schedules, notices addressed to Mr. Minar were sent to

1249 North Greenview Ave.#3, Charlotte, North Carolina.  The Debtor's papers that were

sent to this address were never returned undeliverable.

Even though the notices were sent to Charlotte, NC, on October 18, 2010, Mr. Minar

filed a proof of claim in the amount of $173,814.00.  **See Claims Registry, No. 26-1.**  Mr.

Minar listed his address as 6 North Michigan Avenue, Unit 1107, Chicago, Illinois 60602,

on his proof of claim.  Once receiving the proof of claim, the Debtors modified their service

list to reflect this change.   After October 18, 2010, the Debtor sent all notices to Mr.

Minar's address at 6 North Michigan, Suite 1100, Chicago, Illinois 60602.  **See *Id*, Docket**

**No. 128.**  On November 24, 2010, the Debtors sent Mr. Minar, along with all other

creditors, a Notice of Combined Hearing on the Adequacy of Disclosure Statement and Plan

Confirmation set for January 18, 2011 at 10:30 a.m., these papers were never returned to

Debtor's counsel as undeliverable.  **See Claims Registry, No. 26-1 at page 4**.  Mr. Minar

did not appear at the scheduled hearing.  Thereafter, the Debtors mailed ballots to all

creditors pursuant to § 1126 and Bankruptcy Rule 2018.   Mr. Minar did not return his

ballot.  **See Docket No.**

At the hearing on the Debtor's Motion for a Final Decree, Mr. Minar appeared before

the Court and stated that he objected to the final decree because, *inter alia*, he is a creditor

and the Debtors never notified him of the bankruptcy case.   He stated that he only recently

heard about the case because he was searching for Romeo Iusco in order to collect on a

personal loan from 2007.  **See Claims Registry 26-1**.  Mr. Minar claimed that the Debtors

did not send him any notices or papers for the entire two-year period the matter has been

open, and that the only papers he ever saw in relation to the Iusco's case was the Debtors'

Motion for a Final Decree.  However, Mr. Minar's statements cannot be the truth.

The record clearly indicates that Mr. Minar filed a proof of claim on October 18,

2010.[1]  **See Claims Registry 26-1.**  Thus, he was aware of the case over one year ago.

Further, the record shows that counsel for the Debtor sent Mr. Minar a number of

---

[1] Interestingly, Mr. Minar stated almost the identical thing in his proof of claim as he staed in court: "I was unaware of the bankruptcy filing until [October 18, 2010] after some internet research."  **See Claims Registry 26-1, page 3.**

documents, including the Notice of Hearing Debtors' Second Modified Plan of

Reorganization and Second Amended Disclosure Statement at the address he listed on his

proof of claim.   **Compare Docket No. 128 with Claims Registry 26-1.**   This clearly

shows that Mr. Minar's representations to the Court on November 16, 2011, were less than

forthright.   Because Mr. Minar had notice of the bankruptcy, the Debtor sent Mr. Minar the

Second Modified Plan and Second Amended Disclosure Statement to the address he

provided, and Mr. Minar chose not to act until the Debtor sought to close the case; Mr.

Minar's objection should be overruled.

<u>CONCLUSION</u>

WHEREFORE, the Debtors pray for an order overruling Paul Minar's objection, and

ask this Honorable Court to enter an order substantially similar to the one filed with the

Motion to Enter a Final Decree, and for such other and further relief as is just and proper.

Respectfully Submitted,
ROMEO AND MONICA IUSCO

/s/ Michael V. Ohlman____
One of Debtor's Attorneys

Michael V. Ohlman # 6294512
Forrest L. Ingram #3129032
FORREST L. INGRAM, P.C.
79 West Monroe, Suite 900
Chicago, Illinois 60603
(312)-759-2838

-3-